## STATE *v.* VAN NESS SPAULDING.

### *Criminal Law.*   R. L. s. 1653.

1. CHALLENGE.  A respondent's right under the statute,—R. L. s. 1653,—to challenge peremptorily continues until the juror is sworn,—even if he had accepted the juror.

2. EVIDENCE.  EXAMINED COPY.  In a prosecution for the illegal sale of liquor, a copy of the assessment rolls kept in the office of the collector of internal revenue, showing that the respondent had a U. S. license for the sale of liquor, is admissible to prove that he did sell, although the copy was made by one who was not connected with the office, but who testified that he made it after examination of the records.

3. PRACTICE.  SECOND OFFENSE.  The respondent was indicted for the illegal sale of liquor and a prior conviction for a like offense was charged; the jury merely found that he was guilty of one offense; and the sentence was respited in the court below, and his exceptions sustained; *Held,* that there was no question in respect to the sentence before the court.

INDICTMENT charging the respondent with the illegal sale of intoxicating liquor.   Trial by jury, September Term, 1885, Orleans County, Ross, J., presiding.   Verdict, guilty of one offense.

It was charged in the indictment that the respondent was guilty of a second offense, but no evidence was introduced tending to prove a prior conviction.

*L. H. Thompson,* for the respondent.

1.  It was error to admit Norton's testimony and the copy which he claimed to have made from the book of the internal revenue collector.   It was wholly hearsay.   It was incumbent upon the State to show affirmatively that the testimony comes within some established rule.   *Hadley* v. *Howe,*

46 Vt. 142; *Miller* v. *Wood*, 44 Vt. 378. The book was not in the nature of a public record so that its contents could be proved by an examined copy. 1 Best Ev. (Wood's ed.) p. 389; 1 Greenl. Ev. (12th ed.) ss. 91, 485. If the court could take judicial notice that there was an U. S. statute (which is denied) which required the book in question to be kept in such manner as to give it the character of a public record, it could not take judicial notice that the book was that required to be kept, or kept by the person who should have kept it. 1 Phil. Ev. (C., H. & E. Notes) 351; *Reg.* v. *Langton*, 13 Cox C. C. 345; s. c. Eng. Rep. 369; *Delano* v. *Blanchard*, 52 Vt. 585. In 1st Greenleaf on Evidence, s. 91, it is said: "Thus the contents of any record of a judicial court and of entries in any other *public books or registers* may be proved by an examined copy. This exception extends to all records and entries of a public nature, *in books required by law to be kept.*"

Being private books or entries, they were not admissible, and certainly a copy would not be.

In *Doe* v. *Turford*, 3 B. & Ad. 895, 23 E. C. L. 390, the court held that to be admissible, the entry must not only have been made by the deceased person in the ordinary course of his business and duty, but said, PARK, J., "It is essential to prove that it was made at the time it purports to bear date; it must be a cotemporaneous entry." *Champneys* v. *Peck*, 1 Stark. 404; 2 E. C. L. 157.

In *Reg.* v. *Worth*, 4 Ad. & El. N. S. 136, (45 E. C. L. 136) it was held that to be admissible such entry must have been made in the *discharge of some duty for which the person making the entry is responsible.*

In *State* v. *Phair*, 48 Vt. 378, the entries made by Bailey, the deceased partner of Bailey & Parmenter, were admitted in evidence solely on the ground that they were made by him in the regular course of his business, and it was *his business* to make them and he had died since making them.

In the case of *Smith* v. *Blakley*, 2 L. R. Q. B. 326, decided

in 1867, this question was fully discussed and the authorities carefully examined.   In  delivering  the  opinion  of  the  court, BLACKBURN, J., said : "I think all the cases show that it is an  essential  fact to render such an entry admissible, that not only it should have been made in the due discharge of the business about which the person is employed, but the duty must be *to do the very thing to which the entry relates, and then to make a report or record* of it."   To the same effect are the opinions of MELLOR and LUSH, JJ., in the same case. 2 Greenl. Ev. s. 501.

The case of *State* v. *Hopkins*, 56 Vt. 257, is full authority in support of the point that neither the original entries in the books, or a copy thereof, were admissible in evidence.

2.   The court erred in refusing to the respondent the right to peremptorily challenge the juror.   His peremptory challenges were not exhausted.   The jury had not been sworn. Bouvier. L. Dic. (Challenges) 7 ; 1 Bish. Cr. Proc. (3d ed.) s. 945 ;  Bac. Abr. (Bouvier's ed.) 364 ; *State* v. *Fuller*, 39 Vt. 74 ;  *Scripps* v. *Reilly*, 38 Mich. 10, 13 ; *Hunter* v. *Parsons*, 22 Mich. 96, 101 ; *Taylor* v. *Western R. R. Co.* 45 Cal. 329 ; *United States* v. *Daubner*, 17 Fed. Rep. 792 ; *People* v. *Carrier*, 46 Mich. 442 ; *Munley* v. *State*, 7 Blackf. 593 ; *Morris* v. *State*, 7  Blackf.  607 ;  *Wyatt* v. *Noble*, 8 Blackf. 507 ; *Jackson* v. *Pittsford*, 8 Blackf. 194 ; *State* v. *Prichard*, 15 Nev. 80 ; *Spinger* v. *State*, 62 Ala. 387 ; *Roundo* v. *State*, 57  Wis. 50 ; *Hooker* v. *State*, 4 Ohio 350.

*F. W. Baldwin* and *W. W. Miles*, for the respondent.

The right of a party when put upon trial for crime, to challenge peremptorily a certain number of the jurors who are being impanelled to try him is a personal, and a common-law right ; and the various statutes upon the subject are declaratory of the right ; limiting the extent of it, but not varying the mode of it.   Our statute, s. 1653, R. L., gives the right to every person who is arraigned and put on trial in the County Court, in a criminal prosecution, to peremptorily challenge six jurors ;

State *v.* Spaulding.

and the Supreme Court of the State has held that the respondent should be allowed to use his peremptory challenges as he should find occasion in making up the panel by which he was to be tried. *State* v. *Fuller*, 39 Vt. 74; *State* v. *Stoughton*, 51 Vt. 362. The right to peremptorily challenge a juror remains open until the jury are sworn. 1 Chit. Cr. Law, 436; 1 Bish. Cr. Proc. 945; *People* v. *Rodriguez*, 10 Cal. 50; *Moore* v. *Commonwealth*, 7 Bush, 191; *People* v. *Bodine*, 1 Denio, 281.

*F. E. Alfred, State's Attorney*, for the State.

The court properly ruled that the respondent had accepted said juror, and was not then entitled to exercise his right of peremptory challenge.

In *Regina* v. *Frost*, 9 C. & P. 129, 136, which was an indictment for high treason, the rule was stated by TINDAL, Ch. J., to be " that challenges must be made as jurors come to the book, and before they are sworn. The moment the oath is begun it is too late, and the oath is begun by the juror taking the book, having been directed by the officer of the court to do so."

To the same effect is *Regina* v. *Key*, 3 C. & K. 371; s. c. 2 Den. C. C. 351; 15 Jurist, 1065; *Regina* v. *Kerr*, Q. B. (Quebec) 3 Legal News. 299, Sept. 18, 1880; 1 Cr. Law Mag. 825.

" The more general opinion is," says Wharton, " that the prisoner's right to a peremptory challenge is waived when the juror is passed over to the court or prosecution, though this has been doubted by a court of great respectability. It is clear that the right ceases when the panel is complete and accepted." 3 Wharton's Am. Cr. Law, s. 2972; *State* v. *Cameron*, 2 Chand. (Wis.) 172, 178; *Horbach* v. *The State*, 43 Tex. 242, 260; *Drake* v. *The State*, 5 Tex. Ct. of Appeals, 649, 655; *Patten's Adm'rs* v. *Ash*, 7 Searg. & R. 116, 122.

In *Lyman* v. *The State*, 45 Ala. 72 the court say: " Most

clearly the right of challenge may be waived; and when it is waived by the State, and the juror is put upon the acceptance of the accused, and he is accepted by him as one of the triers, the process of his election is complete." *Spinger* v. *The State*, 62 Ala. 387, 388; *Tatum* v. *Preston*, 53 Miss. 654; *Thompson* v. *The State*, 58 Miss. 62; *State* v. *Durr, Supt. Ct. of La.* 2 South. Rep. 546; *Commonwealth* v. *Rogers*, 7 Met. 500; *Commonwealth* v. *Webster*, 5 Cush. 295; *Commonwealth* v. *McElhaney*, 111 Mass. 439; *State* v. *Pike,* 49 N. H. 399. The evidence introduced by the State with reference to the assessment rolls of the internal revenue collector at Montpelier, and Norton's testimony concerning the same, were admissible when taken in connection with the testimony of the respondent, as tending to show that he had taken out a United States license as a retail liquor dealer, and intended to pursue that avocation.

Under the Revised Statutes of the United States, Ed. of 1878, ss. 3143, 3145, 3146, and 3163, it is apparent that it is the duty of each collector of internal revenue to keep full and accurate books of account of all official transactions had with him while in the performance of the duties of his office.

Records of the character of these have frequently been used, and have always been regarded as admissible evidence of the facts recited without any further authentication, for the reason, as well stated in s. 219 of Best on Evidence, "Of the public nature of the facts themselves, such documents are entitled to an extraordinary degree of confidence." 1 Greenl. Ev. s. 483; *Evanston* v. *Gunn,* 9 Otto, 660; *State* v. *Intox. Liquor*, 44 Vt. 208; Best Ev. s. 485; *Coolidge* v. *Ins. Co.* 14 Johns. 308; *Dyer* v. *Snow*, 47 Me. 254; *Whitehouse* v. *Bickford*, 29 N. H. 471; *State* v. *Lynde*, 77 Me. 561; s. c. Atl. Rep. 687; *Spaulding* v. *Vincent*, 24 Vt. 501; *James* v. *Hodsdon*, 47 Vt. 127.

The opinion of the court was delivered by

TAFT, J. I. Did the court err in ruling that the

respondent had lost his right to peremptorily challenge the juror, Hitchcock, by having once accepted him? The panel had not been sworn, the jurors had been separately examined and the respondent had said he had no objection, or no further inquiry. Whether that amounted to an acceptance of the jurors, may be questionable; but even if it did, we think the right to peremptorily challenge jurors given by R. L. s. 1653, continues until the jurors are sworn. At common law each juror was separately called and when accepted was sworn, and this was continued one by one, until the panel was full; and such is the practice in some of the American States; but in this State, it has been otherwise, no doubt to avoid the needless repetition of the oath. We hold that the right to challenge peremptorily continues until the juror is sworn, and this is the only question in respect to the jury before us.

II. The court permitted the prosecution to give in evidence a copy of the assessment rolls kept in the office of the collector of internal revenue in this district in connection with the testimony of the witness Norton. The latter was not in any manner connected with the office, but he testified that he had examined the assessment rolls and records in the office and made said copy. We think no question could successfully be made but that it would be proper to show that the respondent had obtained an United States license for the sale of liquor. It has been held pertinent evidence upon the question of intent to sell, and we think it equally admissible upon the question of whether the respondent did sell; for if he had the intent to do an act, it would be more probable that he did it than it would be if he had no such intent. In *State* v. *Intoxicating Liquors*, 44 Vt. 208, it was held that the original assessment rolls and records in the assessor's and collector's office were competent evidence to prove the fact of payment for a liquor license. We think this case full authority for holding that the records in the collector's office were competent evidence; and that they were clearly within that class of *public books or official registers*, which may be proved by an examined or sworn copy.

1 Greenleaf on Evidence, s. 483–5 ; 1 Best on Evidence, s. 487 ; *Spaulding* v. *Vincent*, 24 Vt. 501 ; *State* v. *Intoxicating Liquors, supra* ; *Evanston* v. *Gunn*, 99 U. S. 660. It was also admissible upon the question of who was conducting the business.

III. Sentence was respited in the court below. No finding was made either by the court or jury as to whether the respondent was guilty of a second offense or not. There is no question, therefore, in respect to the sentence before us.

Exceptions sustained, judgment reversed, verdict set aside, and cause remanded.