# F. C. Luce *v.* C. P. Chandler.

October Term, 1937.

Present: Powers, C. J., Slack, Moulton and Sherburne, JJ., and Sherman, Supr. J.

Opinion filed November 12, 1937.

*Finn & Monti* for the plaintiff.

*A. C. Theriault* and *Wilson, Carver, Davis & Keyser* for the defendant.

SHERMAN, Supr. J. The plaintiff brought suit for injuries suffered by him in an automobile accident that occurred on February 18, 1935. Verdict and judgment for defendant, and exceptions saved by plaintiff.

The location of the accident was upon the main highway between Burlington and Montpelier where it runs nearly north and south a short distance southerly of the village of Richmond and by the dwelling of one Whitcomb, and at a spot very nearly in front of said dwelling. The defendant was driving southerly along the highway and the automobile in which the plaintiff was riding was pursuing a northerly course with a young man by the name of Scribner at the wheel.

This highway is nearly straight for some distance in both directions from the Whitcomb house and from the north there is a slight rise some three feet going towards the house a distance of 400 feet and after passing this rise, which is at a level for 100 feet, the road drops sixteen feet in a distance of four hundred feet, then goes on southerly for several hundred feet practically at a level. It results from this change of grade that the occupants of an automobile going north over an undetermined portion of the highway south of the house cannot see an automobile coming from the north towards them when the latter is on a certain portion of the highway north of the house, and conversely, the occupants of the automobile coming from the north cannot see the automobile coming from the south for a distance.

Upon the day of the accident there was some ice in the highway. It was thawing and portions of the highway were bare. The evidence of the manner in which the accident happened as given by the defendant was in effect that as he was driving southerly from the village of Richmond he overtook another car driven by one Overocker and as he came into a straight strip of road he gave a signal to pass and looked ahead to see if the road was clear and saw no one; that he was then driving about forty miles an hour; that Overocker turned to his right, but as defendant tried to pass, the former went faster and defendant in order to pass increased his speed to about fifty miles per hour; that he did not know of the dip in the road, but as he approached it he saw plaintiff's car coming on its own side of the road. Defendant immediately applied his brake; his car switched to the right and to keep from hitting the Overocker car he pulled

to the left and went into the ditch, so that his car was about at right angles to the road with the front of the car in the left ditch and extending about half its length in the highway, and while in this position the Luce car struck his. He also stated he did not think the Luce car was traveling very rapidly when he first saw it; that he did not see the Luce car skid and did not know what happened to the Overocker car.

Mr. Scribner, who was driving the car plaintiff was riding in, testified in substance that he was traveling on his side of the road going northerly at about twenty to twenty-five miles per hour when he saw the Overocker car on his left approaching; that he heard a call for the road and the defendant pulled up in back and attempted to pass the Overocker car directly ahead of him; that the defendant had apparently applied his brakes; that defendant's car swung to his right and then to the left and then to the right again; that the forward wheels seemed to hang right over a cement culvert and switched directly into him striking his front wheel; that when he saw the Chandler car in his path he took his foot off the accelerator and did not apply his brake because of the slippery condition of the road; that he had seen what effect this had on defendant's car putting defendant's car out of control; that the defendant was coming on his right and that his only chance was to pull in back of the Overocker car as it went by him; that he tried to pull his car in between the other two cars. He stated at the time the cars came together his car was going five miles an hour and later changed it to about ten.

At the close of all the evidence the plaintiff moved for a directed verdict in his favor on the question of liability only, upon four grounds, briefly stated as follows:

> 1. That the undisputed evidence shows that the defendant is guilty of negligence which is the sole and proximate cause of the injury;
>
> 2. That the plaintiff was not guilty of contributory negligence which in any degree contributed to his own injury;
>
> 3. That the negligence, if any, of Mr. Scribner, driver of plaintiff's car, was not imputable to the plaintiff;

4. And even if such negligence, if any, were imputable to the plaintiff there was no negligence in handling the Luce car, which in any way contributed to the cause of the accident, invoking the emergency rule. The motion was overruled subject to an exception by plaintiff.

Taking up first the third ground which was that the negligence, if any, of Scribner, the driver, was not imputable to plaintiff because he was not acting for plaintiff. The testimony as to the reason Mr. Scribner came to be driving the car in which Mr. Luce was riding as given by Mr. Scribner was as follows:

"Q. How did you happen to be driving the car?
A. The day previous, Mr. Luce told me he was going to Burlington and asked me if I would like to ride down with him. I wasn't doing anything, and I said 'Sure.' I went over there about one o'clock and he was in the store and I looked to see if there was gas enough and I backed the car up to the gas tank, and Mr. Luce's boy, Burton, put some gas in and just then Mr. Luce came out and I happened to be driving so I started to Burlington.
Q. You were under the wheel to back it up to put some gas in?
A. Yes.
Q. So you stayed under the wheel and drove?
A. Yes."

On the same subject Mr. Luce testified:

"Q. This driver that you had in your car, was he going with you, or were you with him?
A. He was with me.
Q. Was he driving for you?
A. Not as a hired driver.
Q. No, but as what?
A. Friend.
Q. As a friend. I see. This was your, or your company's car?

A. It was my company's car.

Q. And when you started out he was under the wheel and you got in beside of him and rode and he drove the car?

A. That was it.

Q. With your permission?

A. Yes.

Q. At your direction?

A. No.

Q. Well, did you direct him not to drive?

A. No.

Q. You simply let him drive and you sat there?

A. He very frequently did.

Q. For you?

A. Yes.

Q. And on this occasion that you started out, I think you said this time, or before, you had some business you wanted to go down to Burington for?

A. That is right."

"It does not require direct evidence that the driver of the car is acting for the owner of the car, but the fact may be shown by the circumstances." *Ronan* v. *Turnbull Co. et al.*, 99 Vt. 280, 289, 131 Atl. 788, 792.

"Agency may be presumed from the conduct of the parties * * *. The authority of an agent may be implied from a single transaction." *State* v. *Kempesti*, 102 Vt. 152, 159, 147 Atl. 273, 275. See *Solan & Billings* v. *Pasche* (Tex. Civ. App.), 153 S. W. 672.

"Where the facts are undisputed and only one inference can reasonably be drawn from them, the court must determine whether they create an agency." 1 Meacham on Agency, 2d ed., sec. 295.

Clearly the evidence above admits of no opposing inference and is so conclusive in character that this question became one of law for the court rather than one of fact for the jury (*Anderson* v. *Dutton*, 100 Vt. 464, 468, 139 Atl. 210), though here the Court was speaking of the converse of the rule. On the evidence there is no question but Scribner was driving the car for the plaintiff.

■ Next turning to the fourth ground of the motion that even if the negligence, if any, of the driver of the car was imputable to the plaintiff yet there was no negligence upon the part of the driver. Considering this motion in view of Mr. Scribner's testimony above, there was at least left a question of fact for the jury whether, under the emergency rule, the driver of the plaintiff's car exercised the care of a prudent man under like circumstances in not using his brake.

■ Under this holding it is not necessary to mention the first and second grounds of the motion, for there was a jury question and in denying the motion there was no error.

In its charge the Court gave the emergency rule and then stated: "And that emergency doctrine would apply with respect to the defendant and the plaintiff equally. If you so determine that either the defendant or the plaintiff, or both of them, were confronted with a sudden emergency, you should apply the modified doctrine of negligence as expressed in that rule."

To this charge the plaintiff excepted, stating at the end of the exception: "The contention of the plaintiff being that in this particular instance the perilous situation was created by the act of the defendant in being on his left side of the highway, and that the emergency doctrine should not be applied in such instance, because the evidence shows that the situation in which he found himself was created by his own act in being upon the side of the highway where he had no legal right to be under the law of the road."

The Court then further charged the jury: "Gentlemen, in connection with what I have said about the emergency doctrine, I may have said it would apply to either the plaintiff or the defendant. I meant to say that it might apply if you found the circumstances such as I have indicated." The plaintiff's attorney then stated: "The plaintiff wishes to renew his exception upon the other grounds stated in the exception and upon the ground that the supplemental charge in this particular matter does not cure the error as specified in the exception already taken."

■ This exception was well taken. In this instance, upon all the evidence in the case, the emergency rule did not apply to the defendant, for there is no question upon the defendant's own statement that he was at fault in being on the wrong side of

the road, traveling at fifty miles per hour when the way ahead was not clear of approaching traffic. It is a duty devolving upon an automobile driver not to drive ahead where he cannot see on the highway. A smoke case, *Palmer* v. *Marceille*, 106 Vt. 500, 507, 175 Atl. 31, 35; *Steele* v. *Fuller*, 104 Vt. 303, 158 Atl. 666, driving in the night blinded by lights. Though neither of these cases has to do with driving on the wrong side of the road and in *Palmer* v. *Marceille* the evidence came from the plaintiff, here the "story" on this point is "mainly from the lips" of this defendant. He was passing another car at fifty miles per hour, and because of a slight rise in the road, followed by a greater fall beyond, he could not see a car in the road ahead of him, and, of course, could not see the road to know it was clear. It was his duty to drive slowly enough in passing the car in front so that he could see the road and know that it was clear of approaching traffic. This he failed to do. and was negligent under the circumstances of this case, consequently was not entitled to the application of the emergency rule, for while he was confronted with an emergency, it was not without his fault. It was error to give him the benefit thereof against the exception.

This holding necessitates a reversal and obviates the necessity of considering other exceptions taken to the charge and exceptions for failure to charge as requested, for undoubtedly the same questions will not arise again.

*Judgment reversed, and cause remanded.*