## Gary D. Sheldon, by James Sheldon, his father and next friend v. Edmund W. Brooks

[286 A.2d 889]

No. 75-70

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 7, 1971

*Bloomer & Bloomer*, Rutland, for Plaintiff.

*Dick, Hackel & Hull*, Rutland, for Defendant.

**Smith, J.** This is an automobile negligence case, which was tried before the Rutland County Court on April 14, 1970, and resulted in a jury verdict for the plaintiff with damages of $1500.00. The defendant has taken timely appeal to this Court from his motion to set aside the verdict and from the judgment order. In this Court, the defendant has briefed three claims of error on the part of the court below:

"1. That the court erred in its instructions relative to the doctrine of last clear chance.

2. That the lower court erred in its instruction relative to the sudden emergency rule, and

3. The court erred in denying defendant's motions for directed verdict and for judgment notwithstanding the verdict."

The facts, taken in the light most favorable to the plaintiff, the prevailing party, are not too involved. On March 4, 1965, the defendant was operating and in control of a motor vehicle owned by him upon Crescent St. in the City of Rutland, going in a westerly direction. As he started to cross a bridge over East Creek, he noticed two boys upon the sidewalk of such bridge to his south. The plaintiff, then a child of seven years of age, came through a gap in the guardrail, to the north of plaintiff, at the time that plaintiff's vehicle approached the west end of the bridge. He was at the edge of a tarvia strip that marks the point where Crescent Street is intersected by Preville Street, approaching from the north. The youthful plaintiff, at the trial some five years after the occurrence, testified that he started to go across the road, saw a car coming down the hill toward the east on Crescent Street, started to back out to get on the other side, and observed a car there. When asked what happened thereafter, his answer was, "I don't know."

The testimony of the defendant and of a Mr. Burke, who was travelling east at the time of the accident, was that the plaintiff took "a nose dive", or "bolted into the road" as the car of the defendant approached him. When the defendant stopped his car, the plaintiff was found lying a few feet under the bumper of the car of the defendant, although not in contact with the axle or any other part of the vehicle at that time.

We will first consider the claim of the defendant that the lower court was in error in denying defendant's motion for directed verdict and for judgment notwithstanding the verdict, for if the lower court should have granted either of such motions, then the instructions to the jury, upon which error is predicated, would not be a part of the case, and would not require our attention.

The only evidence offered by the plaintiff to sustain his contention of the negligence of the defendant is the fact that the car of the defendant protruded some two feet over the defendant when it was stopped following the accident, and the testimony of the investigating Rutland police officer. As we have already seen the plaintiff had no memory as to the actual occurrence of the accident.

The evidence of the defendant was that he saw the youthful plaintiff dive to the pavement of the road directly in front of the car, and that he immediately applied his brakes. The evidence is not disputed that the defendant was then travelling at a speed of fifteen miles per hour, and that he stopped his car in a distance of twenty-four feet. The police officer testified from his charts that this was approximately the average stopping distance, including reaction time, for a car travelling at fifteen miles an hour after the brakes were applied. Significantly, the undisputed evidence is that on the car of the defendant there were no marks of any kind to show any contact with the plaintiff. The only apparent injury received by the plaintiff was an abrasion to the back of the head, which was admitted by witnesses for the plaintiff could have been caused by the contact of the plaintiff with the pavement.

The plaintiff based his arguments against the direction of a verdict for defendant on two grounds. First, that the rather confused testimony of the investigating officer that possibly a more severe application of his brakes by the defendant might have stopped his car short of impact with the plaintiff. But there was no impact.

Second, the plaintiff argues that the doctrine expressed by this Court in *Savard* v. *Cody Chevrolet,* 126 Vt. 405, 234 A.2d 656 (1967), would allow the plaintiff to recover even if there had been no physical contact between the vehicle driven by the defendant and the plaintiff. But the holding in *Cody Chevrolet, supra,* was that when the negligence of a defendant causes fright from a reasonable fear of personal injury, and such fright is adequately demonstrated to have resulted in substantial bodily injury or sickness, the injured person may recover if such injury or sickness would be proper elements of damage if they had resulted as a consequence of direct physical injury rather than fright.

. Such is not the situation here. There is no evidence that the negligence of the defendant, if any, produced fright in this plaintiff which resulted in injury, in the facts before us. The doctrine expressed in *Cody Chevrolet, supra,* has no application. Whether or not the defendant could have stopped his car in a distance of a few feet less than it did stop is immaterial, if such action, or lack of it, was not the proximate cause of the accident. Plaintiff has failed to sustain his burden of proof that the injury suffered by him resulted from an act, or failure to act, on the part of the defendant. In the absence of proof that the injury received by the plaintiff was caused by the defendant, the court should have directed the jury to return a verdict in favor of the defendant.

While the defendant waived his motion for a verdict directed in his favor at the close of plaintiff's evidence by proceeding with the case, he renewed his motion at the close of all the evidence and such motion should have been granted.

*Reversed, and judgment entered for the defendant.*