## Janet Newkirk v. Donald James Towsley

[357 A.2d 117]

No. 93-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed April 6, 1976

Motion for Reargument Denied April 29, 1976

*Williams, Williams and Seaver, P.C.,* Poultney, for Plaintiff.

*Robinson E. Keyes* of *Ryan, Smith & Carbine, Ltd.,* Rutland, for Defendant.

**Billings, J.** Plaintiff brought suit against defendant alleging that as a result of defendant's negligence an accident occurred on February 25, 1973, as defendant proceeded westerly on Morse Hill Road in the Town of Dorset while plaintiff was entering the same highway at an oblique angle from an access road, known as Gallagher Hill Road, and that as a result of the collision, plaintiff was injured. There was conflicting evidence regarding the location of the point of impact and whether plaintiff's motor vehicle was moving or stationary at the time of the collision. A jury trial resulted in a verdict for defendant.

After the verdict was returned, plaintiff moved both to set aside the verdict and for a new trial, in accordance with V.R.C.P. 59. Both motions were denied. Plaintiff on appeal contends that the trial court abused its discretion in denying the motion for a new trial and committed error in including in the court's charge the doctrine of sudden emergency.

■ Granting a motion for a new trial is within the discretion of the trial court. However, all the evidence must be considered in the light most favorable to the prevailing party. *McKenna* v. *May*, Docket No. 203-74 (February 4, 1976). Unless the verdict is shown to be clearly erroneous, or that the jury disregarded the reasonable and substantial import of the evidence, or found against it because of passion, prejudice, or some misconception of the matter, the trial court cannot exercise its discretion and set aside the verdict. *McKenna* v. *May*, *supra; Grow* v. *Wolcott*, 123 Vt. 490, 194 A.2d 403 (1963). Viewing the evidence in the light most favorable to the verdict, we cannot hold, as a matter of law, that the trial court abused its discretion in denying plaintiff's motion for a new trial.

■ The court below charged the jury on the doctrine of sudden emergency, and viewing the evidence in the light most favorable to the prevailing party, the trial court was correct. When, as here, another vehicle enters the highway suddenly in front of defendant, the charge is justified. The issue is not whether a perilous situation in fact existed, but whether it would have appeared to an ordinary prudent person, situated as defendant was, that a perilous situation existed. *Slate* v. *Hogback Mountain Ski Lift, Inc.*, 122 Vt. 8, 12, 163 A.2d 851 (1960).

*Affirmed.*