**Marcia Girroir, a/k/a Marcia A. Cooley v. Ralph E. Carpenter and Allan A. Petersen**

[388 A.2d 831]

No. 204-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 6, 1978

*McCarty & Rifkin,* Brattleboro, for Plaintiff.

*Robinson E. Keyes* of *Ryan, Smith & Carbine, Ltd.,* Rutland, for Petersen.

*Webber & Costello,* Rutland, for Carpenter.

**Billings, J.** This is a civil action brought by plaintiff to recover damages for personal injuries sustained in an automobile accident allegedly caused by the negligence of the defendants. The jury returned a verdict for the plaintiff in the amount of $80,000, apportioning the negligence under the comparative negligence statute, 12 V.S.A. § 1036, 35 per cent or $28,000.00 against defendant Carpenter, and 65 per cent or $52,000.00 against defendant Petersen. Subsequent to the entry of judgment, defendant Carpenter's insurance company paid $20,000.00, its liability under the insurance policy, to plaintiff and received a document stating that the company's part of the judgment was deemed satisfied. The document expressly provided that defendant Carpenter's obligation for the remaining portion of the verdict, $8,000, was not released. Defendant Petersen only has appealed.

Appellant's first attack on the proceedings is based on the claimed insufficiency of the evidence to support the recovery. He claims error in the trial court's denial of his motion for a directed verdict, and his motion to set aside the verdict.

At the time of the accident, plaintiff was stopped at a stop sign, pointed south, on Oak Street at the intersection of High Street. Defendant Carpenter was stopped at a stop sign, pointed north, on Whipple Street at the intersection of High Street. Mr. Carpenter, looking left and right, deter-

mined that the way was clear and proceeded northerly from Whipple Street crossing High Street diagonally to Oak Street. He saw appellant's car proceeding westerly on High Street, but thought he had time to cross. He did not. Appellant collided with the rear portion of defendant Carpenter's automobile as he was about to enter Oak Street. The force of the impact pushed Mr. Carpenter's vehicle into the left front of plaintiff's automobile, and plaintiff's injuries resulted. There was testimony that appellant appeared to have his eyes closed until just prior to impact and that he applied his brakes only then. Also, there was testimony that appellant was driving too fast and that he might have avoided the accident by going behind defendant Carpenter's vehicle.

We must sustain the jury decision where the record discloses a sufficient evidentiary basis. *Wood* v. *Travelers Indemnity Co.*, 128 Vt. 441, 443, 266 A.2d 430, 432 (1970). From our review of the record, the decision of the jury on liability, and its apportionment thereof between the defendants, has an ample evidentiary basis.

On appeal, appellant raises for the first time the sudden emergency doctrine. *Stevens* v. *Nurenburg*, 117 Vt. 525, 97 A.2d 250 (1953). While the facts of this case arguably might make this doctrine applicable, appellant made no objection to the trial court's failure to charge the doctrine. Therefore, no error appears based on the sudden emergency doctrine. V.R.C.P. 51.

Appellant challenges the denial of his motion for a new trial on the basis that the damages awarded were excessive. An award of damages must stand unless grossly excessive, where the action does not permit exact computation. *Scrizzi* v. *Baraw*, 127 Vt. 315, 322, 248 A.2d 725, 730 (1968). Plaintiff was a 33 year old woman with a life expectancy of 40 years; she experienced a 15 to 18 per cent total disability as a result of the accident. It is true that her medical and lost earnings amounted only to approximately $3,400.00, but there was competent evidence of much pain, the use of a neck brace, extended physical therapy, inability to perform her previous employment, and a generally diminished ability to enjoy athletics, the physically active part of

life. From a review of the record, we cannot say that the award was grossly excessive or that it "shocks our conscience." *Newhall* v. *Central Vermont Hospital, Inc.,* 133 Vt. 572, 576–77, 349 A.2d 890, 894 (1975). Moreover, we can find no indication that the award was motivated by passion or prejudice. The award must stand.

■ Lastly, appellant claims that he should be released from liability because defendant Carpenter has satisfied his part of the judgment. If appellant is basing this argument on the document given defendant Carpenter's insurance company, he misreads it, for the document expressly provides that it in no way releases defendant Carpenter from his personal liability on the remaining part of the judgment. If appellant is basing this argument on the docket entry that seems to indicate that defendant Carpenter has paid the remaining portion of the judgment against him, that, by itself, is insufficient to allow appellant to escape his obligation to pay his portion of the damages awarded plaintiff. Additionally, we note that the co-defendants here are severally, not jointly, liable. *Stannard* v. *Harris,* 135 Vt. 544, 545, 380 A.2d 101, 103 (1977); *Howard* v. *Spafford,* 132 Vt. 434, 437, 321 A.2d 74, 76 (1974); 12 V.S.A. § 1036. No error appears.

*Affirmed.*