## Milo J. and Irene M. Masterson v. State of Vermont, Vermont Department of Aeronautics, Charles R. Miel, Commissioner, Dustaire, Inc. and Alphonse Quesnel

[423 A.2d 845]

No. 173-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1980

*Gerard Trudeau,* Middlebury, for Plaintiffs.

*Robert H. Moyer* of *Conley & Foote,* Middlebury, for Quesnel.

**Per Curiam.** This is an appeal based on jury selection. The facts are not in controversy, being agreed to. The plaintiffs claim that their right to exercise the six peremptory challenges allowed by 12 V.S.A. § 1941 was denied them by the trial court. The plaintiffs urge, on the basis of this single contention, that they should be given a new trial. A motion for a new trial was denied below.

The jury drawing proceeded as provided by V.R.C.P. 47. Since there were multiple defendants, the trial court, under subsection (c)(2), directed the plaintiffs to exercise their first peremptory challenge, then for each of the other parties, one at a time, to exercise successively a challenge. As the selection progressed, various parties elected to waive or exercise their challenges until a time came when the plaintiffs

had challenged twice, one defendant had waived entirely, another had challenged thrice, and the third defendant had challenged four times. Each party had the right to exercise six peremptory challenges. V.R.C.P. 47(c)(3). At this point the plaintiffs, whose turn it was in the order of successive challenges, declared, "The plaintiff passes without waiving, your Honor."

Each of the defendants then expressed itself content with the jury, and the trial court ruled that the jury had been impanelled. The plaintiffs then complained that that ruling deprived them of the remainder of their challenges. The defendants contend that this complaint was inadequately phrased for effective preservation of an appellate issue. For the purposes of this appeal we will treat the complaint as sufficient.

The plaintiffs' objection is, however, unavailing. The plaintiffs point to our cases that hold that the right to challenge peremptorily continues until the jury is sworn, *State* v. *Spaulding*, 60 Vt. 228, 233, 14 A. 769, 771 (1887), and that the right of challenge need not be exercised at the time a juror's name is drawn, *State* v. *Mercier*, 98 Vt. 368, 372, 127 A. 715, 716–17 (1925). These cases still reflect our law and long-standing practice, but do not apply to this case.

Rule 47(c)(2) requires one by one, alternative challenges. When a panel of twelve jurors is presented to a party and he makes no challenge to that panel, he accepts it, unless some special circumstance becomes apparent justifying a trial court to permit him to withdraw the acceptance. If another party changes the composition of that panel by challenge, the first party of course has a new opportunity to challenge, if he wishes. As implied in *Mercier*, that right applies even to jurors previously left unchallenged. But if there is no change in the panel, the acceptance stands, and the trial court is fully within its rights to declare the jury impanelled, as was done here, whatever number of challenges the party may have left unused. To hold otherwise would disrupt the basic function of the rule to provide for a fair and orderly way to find a panel to which the parties do not object, and would invite the use of stratagems designed to defeat the fair balance of the rule. The lower court correctly denied the motion for a new trial.

*Judgment affirmed.*