Lynne BALLARD v. UNIVERSITY OF VERMONT AND STATE AGRICULTURAL COLLEGE, John Hennessey and Gerald Francis

[693 A.2d 713]

No. 95-363

March 26, 1997. Plaintiff Lynne Ballard appeals from an adverse jury verdict on claims of sex discrimination against defendant University of Vermont (UVM) under the Equal Pay Act (EPA), Title VII, and Vermont's Fair Employment Practices Act (FEPA). She argues that the court erred by denying her the oppor-

tunity to use her sixth peremptory challenge and by admitting testimony on the quality of the performance of her successor.[1] We agree and reverse.

Plaintiff began working in the Division of Continuing Education at UVM in the summer of 1979 shortly after receiving her master's degree in Higher Education and Student Affairs. At the end of the summer, plaintiff was appointed as assistant director of operations, and in 1982, she became acting director of the Division. Plaintiff received her doctoral degree in Educational Administration and Planning in 1987, and the following year, UVM initiated a national search for the permanent position of director. Plaintiff applied for the position, and the search committee selected plaintiff as one of four finalists whose names were forwarded to the Provost. Ultimately, the Provost hired Edward Twardy in 1990 to fill the permanent position of director at a salary about $28,000 per year more than UVM had paid plaintiff. Plaintiff filed suit against UVM, the Provost and the Interim Provost, alleging various claims of sex discrimination. The individual defendants were dismissed at trial, a jury rendered a verdict for defendant UVM, and plaintiff appeals.

Plaintiff first claims that the court erred by denying her the opportunity to use her sixth peremptory challenge. After plaintiff's counsel exercised five of his six peremptory challenges, he was satisfied with the jury and "passed." Defense counsel then struck juror number 2, bringing juror number 13 onto the panel. Plaintiff's counsel challenged juror 13 for cause, but the court declined to remove the juror. Plaintiff's counsel then requested to use his sixth peremptory challenge, but the court denied the request.

On appeal, plaintiff claims that the court erred by considering plaintiff's "pass" to be a waiver of the sixth peremptory challenge.

This Court ruled on this issue soon after the jury trial in this case. In *Westcom v. Meunier*, 164 Vt. 536, 538, 674 A.2d 1267, 1269 (1996), we held that the trial court erred by treating plaintiff's pass as a waiver and refusing to allow plaintiff to exercise his sixth peremptory challenge after defendants had changed the composition of the panel. As we noted, "[a] pass does not constitute a waiver until the jurors are sworn." *Id.* At oral argument, defense counsel conceded that *Westcom* is indistinguishable from the present case, and we decline to reconsider this holding. "Plaintiff was entitled to exercise [her] sixth peremptory challenge before the jury was impaneled." *Id.* at 539, 674 A.2d at 1279.

Although we reverse because plaintiff should not have had to proceed with the jury as impaneled, we address another claim of error that is likely to arise again on remand. See *Hodgdon v. Mt. Mansfield Co.*, 160 Vt. 150, 161, 624 A.2d 1122, 1128 (1992) (reversing based on first issue but addressing second issue because likely to arise on remand). Plaintiff argues that the court erred in admitting testimony on the quality of Twardy's performance after he was hired by UVM because this information was not available at the time Twardy was hired and his salary was set. She maintains that after-acquired information is not relevant to sex discrimination or EPA claims. We agree.

The quality of Twardy's performance after he was hired is irrelevant to the Title VII and FEPA claims because it could not have influenced UVM's hiring decision. See *Price Waterhouse v. Hopkins*, 490 U.S. 228, 252 (1989) (plurality opinion) (employer may not prevail by offering legitimate reason for its decision "if that reason did not motivate it at the

---

[1] Plaintiff raises other issues we do not reach because we reverse based on the court's denial of the use of plaintiff's sixth peremptory challenge.

time of the decision");[2] *Hodgdon*, 160 Vt. at 161, 624 A.2d at 1128 (standards and burdens under FEPA identical to those under Title VII); see also *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 360 (1995) ("employer could not have been motivated by knowledge it did not have"; therefore, cannot avoid liability for age discrimination based on after-acquired evidence of wrongful conduct); *Wallace v. Dunn Constr. Co.*, 62 F.3d 374, 378 (11th Cir. 1995) (after-acquired evidence rule of *McKennon* applies to Title VII sex-discrimination claim); *Norris v. City & County of San Francisco*, 900 F.2d 1326, 1331 (9th Cir. 1990) (information not known at time employment decision is made is "entirely irrelevant" to Title VII claim).

Evidence of Twardy's performance after he was hired is also irrelevant to the EPA claim. Under the EPA, plaintiff has the initial burden to show that she received lower wages than Twardy for "equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1); *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 590 (11th Cir. 1994). Defendant maintains that it was entitled to show that Twardy was hired to perform and was actually performing a job that is substantively different from the job that was performed by plaintiff.

In comparing the jobs performed by plaintiff and Twardy, the inquiry focuses on the primary duties of each job. *Goodrich v. International Brotherhood of Elec. Workers*, 815 F.2d 1519, 1524 (D.C.

Cir. 1987); *Mulhall*, 19 F.3d at 592. Equal jobs must have a common core of tasks. *Brewster v. Barnes*, 788 F.2d 985, 991 (4th Cir. 1986). Equal work does not mean that the jobs must be identical; rather, they must be substantially similar. *Goodrich*, 815 F.2d at 1524. "The statute explicitly applies to jobs that require equal skills, and not to employees that possess equal skills." *Hein v. Oregon College of Educ.*, 718 F.2d 910, 914 (9th Cir. 1983). Thus, under the EPA, "we compare the jobs, not the individual employees holding those jobs." *Mulhall*, 19 F.3d at 592. In comparing two jobs, abilities of persons in the positions are not relevant. *Goodrich*, 815 F.2d at 1524.

Following these rules, we conclude that the quality of Twardy's performance after defendant hired him is not relevant to the EPA inquiry. Only the duties Twardy performed may be compared to the duties plaintiff performed to determine if they performed equal work requiring equal skill, effort and responsibility. As plaintiff points out, the quality of Twardy's performance at this job could not have been the basis for setting his initial salary significantly higher than that paid to plaintiff. Nor was a 1993 contract with IBM relevant to the 1990 decision to pay Twardy more than $28,000 more than plaintiff received. "[E]quality of work is not determined by duties or responsibilities which were to be assumed in the future." *Strecker v. Grand Forks County Social Serv. Bd.*, 640 F.2d 96, 100 (8th Cir. 1980), *overruled on other grounds by Robino v. Norton*, 682 F.2d 192, 195 (8th Cir. 1982).

Defendant argues that the after-acquired evidence of Twardy's performance was properly admitted to bolster the credibility of the Provost because plaintiff put his credibility at issue by claiming that the reasons he proffered for the decision to hire Twardy were pretextual. Not surprisingly, defendant cites no authority to support this argument. In a Title VII or FEPA case, plaintiff has the

---

[2]*Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), was superseded by the Civil Rights Act of 1991, see 42 U.S.C. § 2000e-2(m), which does not operate retroactively, and therefore, is not applicable here. See *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 589 n.9 (11th Cir. 1994), and cases cited therein.

burden of showing that a proffered legitimate basis for the employment decision is pretextual. *Graff v. Eaton,* 157 Vt. 321, 324 n.3, 598 A.2d 1383, 1385 n.3 (1991). Following defendant's reasoning, after-acquired evidence would be admissible in any Title VII or FEPA case where a plaintiff attempted to meet this burden. Accordingly, we reject this argument.

In light of this ruling, we do not consider whether the court erred by refusing to allow plaintiff's rebuttal witness to testify on the issue of the quality of Twardy's performance. Exclusion of this testimony magnified the error of allowing evidence of the quality of Twardy's performance in the first place.

*Reversed and remanded.*