BRESNAHAN v. HICKS.

1. VENDOR AND PURCHASER—FORFEITURE CONSTITUTES VENDEE TENANT AT WILL.

Under provision in land contract that, on vendee's default and notice of forfeiture, vendor might treat vendee as tenant holding over without permission and take immediate possession, forfeiture of contract constituted vendee tenant at will.

2. WASTE—LIABILITY OF TENANT AT WILL IS AT COMMON LAW.

Where forfeiture ended contract relation and vendee became tenant at will, his liability, if any, for waste thereafter occurring is at common law and is not to be measured by any provision of contract.

3. SAME—COMMISSIVE WASTE.

Commissive waste by tenant contemplates participation, at least to some extent, by him.

4. SAME—PERMISSIVE WASTE.

Permissive waste by tenant requires showing that it was allowed by him or was proximate result of want of reasonable care on his part.

5. SAME—THEFT OF FIXTURES—PROXIMATE CAUSE.

Tenant's leaving house unlocked may not be said to be proximate cause of theft of fixtures by one who entered at night, during tenant's absence.

6. SAME—TENANT NOT LIABLE FOR STOLEN FIXTURES.

Tenant at will is not liable to respond in damages for fixtures taken and carried away by thief who entered at night in tenant's absence, although door of house was left unlocked, in absence of showing that tenant participated in theft or that it was allowed by him.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 16, 1932. (Docket No. 29, Calendar No. 36,046.) Decided September 16, 1932. Rehearing denied December 6, 1932.

Case in common pleas court by Jeremiah Bresna-han and another against John W. L. Hicks as as-signee of purchaser under a land contract for waste upon premises after forfeiture. Judgment for plain-tiffs. Defendant appealed to circuit court. Judg-ment for plaintiffs. Defendant appeals. Reversed.

*D. B. Richardson,* for plaintiffs.

*John W. L. Hicks* (*Lowery B. Hicks,* of counsel), for defendant.

WIEST, J. This is review, by case-made, of an action to recover damages for alleged waste com-mitted by an assignee of a vendee of a forfeited land contract. The land contract contained a covenant obligating the vendee and his assigns to keep the premises in as good condition as at the date thereof. The vendee assigned the contract to defendant, who assumed and agreed to pay the balance due thereon. Defendant entered into possession of the premises, made several payments on the contract, and then, for his default, plaintiffs gave notice of forfeiture, brought a summary proceeding to obtain possession, and obtained judgment of restitution without con-test, defendant being willing to surrender posses-sion. Defendant started to remove his effects, and, while doing so, the house was entered at night by a thief and certain fixtures were carried away.

This suit was brought to recover damages occa-sioned by such theft of fixtures on the theory that defendant was guilty of permissive waste in leav-ing the house unlocked.

The land contract provided that, in case of default and notice of forfeiture, the vendor might "treat the purchaser as his tenant holding over without permission, and may take immediate possession of

the premises and the purchaser and each and every other occupant remove and put out."

At the time of the theft defendant was a tenant holding over without permission and under obligation to surrender possession free from injury occasioned by commissive or permissive waste. This does not hold defendant to performance of the contract after forfeiture, but only makes him amenable under the relation brought about by the forfeiture. Forfeiture of the contract constituted defendant a tenant at will.

The action is at common law and not by virtue of statute. The circuit judge so held, and, in an opinion, stated the following reasons for entering judgment against defendant:

"The original contract imposes the duty upon the vendee of keeping the premises in like condition as when taken. When the original contract was entered into, the articles mentioned were upon the premises.

"It therefore became the duty of the vendee under the terms of the contract itself, to keep them there. Under the testimony in the case, these articles disappeared before the time when the vendor reassumed possession. I think that the duty of the vendee under the contract was to preserve the premises in their original condition, minus ordinary wear and tear, until he had turned it over to the vendor or at least given the vendor a fair and reasonable opportunity to take possession. The failure to keep effective watch and ward over the premises held under a contract of purchase, which failure results in the theft of articles of value which go with the premises, in my judgment amounts to a permissive waste."

There is force in defendant's contention that he was not a tenant until forfeiture ended the contract relation, and his liability for waste, if any, is not to

be measured by any provision of the forfeited, and, therefore, ended contract.

Defendant's liability, if any, for waste must be based upon his status at the time of the alleged waste. Defendant confessed error in removing some fixtures and returned the articles. He broke a door mirror, but whether this was before or after forfeiture of the contract does not appear. If it was before forfeiture, then the action, if any, for such damage, would be upon the covenant in the contract.

This brings us to the question of whether defendant, as a tenant at will, is liable to respond in damages for fixtures taken and carried away by a thief. We cannot hold such to be commissive or permissive waste. Certainly it was not commissive waste, for such contemplates participation, at least to some extent, by the tenant, and no such claim is made. Permissive waste, at least, requires a showing that it was allowed by the tenant or was the proximate result of want of reasonable care on his part.

In *Rogers* v. *Atlantic, Gulf & Pacific Co.*, 213 N. Y. 246 (107 N. E. 661, L. R. A. 1916 A, 787, Ann. Cas. 1916 C, 877), it was said:

"In the popular sense, any injury may be waste, but it is not waste in the legal sense, unless caused in such manner as to be within the legal definition of either commissive or permissive waste.  *  *  *

"In no case in this State, or anywhere for that matter as far as our research goes, has a tenant been held liable as for permissive waste for the negligent acts of strangers."

The theft was by one who entered the house, and, even if defendant left the house unlocked, it cannot be held that it was the proximate cause of the theft.

The rule on the subject is found in *Winfree* v. *Jones,* 104 Va. 39 (51 S. E. 153, 1 L. R. A. [N. S.]

201). There an action was brought against a tenant to recover damages for having—

"as alleged, negligently permitted a certain house to be burned while it was in his possession as tenant to the plaintiff, by abandoning it and leaving it unlocked so that it was wrongfully entered, burned, and destroyed."

The court stated:

"It is proper to say that the record furnishes no pretense or suggestion that the defendant had anything to do with the burning of the building other than the alleged negligence of leaving the door unlocked. * * * So that the case presented by the plaintiff is that it was negligent in the defendant to leave the upstairs door of the house unlocked when he abandoned it on the 8th or 9th of December, 1901, thereby making it possible for any one to enter the house and set it on fire, and that for such negligence the defendant must respond in damages for the loss of the house by fire on the 30th or 31st of December, 1901.

"In considering the liability of the defendant under the circumstances mentioned, the question arises upon the threshold of that inquiry, was the act of the defendant in leaving the door of the house unlocked on the 9th of December the proximate cause of the fire which destroyed the house on the 30th of that month?"

The court, after citing authority, further stated:

"The case at bar comes clearly within the influence of the principles to which we have adverted, and when they are applied to the facts here shown it would seem to be manifest that the alleged negligence and the damage complained of are not sufficiently conjoined to support the plaintiff's action. To the credit of the civilization in which we live it

cannot be maintained that the natural and expected result of leaving the upstairs door of an empty house unlocked is, that some one who has no legal right there will enter the house and burn it. 　*　*　*

"The house was entered and burned by some one unknown to the plaintiff three weeks after it was vacated, a result which cannot be said to have followed the act of alleged negligence, in the usual, ordinary, and experienced course of events. On the contrary, such a result could not reasonably have been anticipated or expected. 　*　*　*

"Considerations of fairness and justice require that no one should be held liable for the consequence of an act innocent in itself, and committed without mischievous intent, which, by the concurrence of some event that could not reasonably have been anticipated, has produced hurtful consequences to another. 　*　*　*

"In the case at bar, however, the question is so entirely free from doubt that the court can, as a matter of law, declare that the negligence alleged was not the proximate cause of the injury, reparation for which is here sought in damages."

The judgment is reversed, without a new trial, and with costs to defendant.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.