### Winfred Dean v. Frank Arena and Francis M. Beaudry
[450 A.2d 1143]
No. 232-81
Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.
Opinion Filed September 7, 1982

*Fink & Birmingham, P.C.*, Ludlow, for Plaintiff-Appellee.

*Divoll & Doores, P.C.*, Bellows Falls, for Defendants-Appellants.

**Billings, J.** The defendants appeal a judgment of the Windsor Superior Court denying a right-of-way across plaintiff's land and awarding compensatory damages of $2,460 and punitive damages of $500 for trespass. On appeal defendants claim (1) that the trial court erred in excluding statements made by one of the defendants' predecessors in title to the

defendants' former attorney, and (2) that the damages awarded were excessive.

The defendants owned two woodlots known as the Webster Lots in the Town of Chester adjoining land of the plaintiff. In 1978 the defendants commenced a logging operation. In so doing they crossed over plaintiff's property until stopped by a warning by the chief of police of the Town of Chester. The defendants then petitioned the Town to lay out a right-of-way for the purpose of removing lumber and wood or other materials. 19 V.S.A. § 325. The petition was denied by the selectmen. The plaintiff then placed a steel cable across the so-called "wood road," but in the fall of 1979 the defendants broke the cable and commenced crossing plaintiff's land. In so doing they cut trees on the road and generally damaged it. Plaintiff brought a complaint for injunctive relief and damages. As an affirmative defense, defendants claimed a right-of-way by prescription.

At trial defendants sought to introduce testimony from their former attorney as to a conversation taking place in 1970 between the attorney and a deceased predecessor in title. The attorney would have testified that the previous owner had told him that he had used the alleged right-of-way continuously from 1945 to 1970 while he was the owner and from 1938 to 1945 while working for one Holt who then owned the Webster Lot, and that he had never been given permission to use the road by the plaintiff. This evidence was offered in furtherance of defendants' claim of a prescriptive easement. Upon plaintiff's objection the trial court excluded the offered testimony. Although plaintiff objected on hearsay grounds, defendants' argument in response did not raise any exception to the hearsay rule. They urged instead that it was not hearsay. Apparently recognizing that this testimony clearly was hearsay, defendants abandoned this argument on appeal and now claim that the proposed evidence comes within the exceptions to the hearsay rule as provided by the Federal Rules of Evidence, rule 803, exceptions 20, 23, and 24, and rule 804 (a) (4).

■■ Vermont has not adopted the Federal Rules of Evidence. Here, the offered evidence was clearly hearsay; it was an attempt to admit an out-of-court statement made by a de-

ceased person to the witness for the truth of the matter asserted. *In re P. F.*, 133 Vt. 64, 67, 329 A.2d 632, 635 (1974). Although there may be an exception to the hearsay rule which would permit the admission of this testimony, see *Vermont Shopping Center, Inc.* v. *Pettengill,* 125 Vt. 145, 149, 211 A.2d 183, 187 (1965), the defendants did not claim this ground for admission in their offer of proof below. Therefore they cannot raise it on appeal. If a specific ground for admission is claimed in the offer of proof but is not applicable, and the trial court excludes the evidence, the proponent cannot complain on appeal if there was another ground for admission. *Johnson* v. *Rockaway Bus Corp.,* 145 Conn. 204, 210, 140 A.2d 708, 710 (1958); *Hayward Rubber Co.* v. *Duncklee,* 30 Vt. 29, 40 (1856); McCormick's Evidence § 51, at 112 (2d ed. 1972). The ruling was without error.

The defendants allege error in the assessment of damages. Unless the findings of fact are clearly erroneous they will not be set aside. V.R.C.P. 52; *Taran* v. *Vermont Structural Slate Co.,* 139 Vt. 441, 443, 431 A.2d 448, 450 (1981). Under the clearly erroneous test the evidence below will be taken in the light most favorable to the prevailing party excluding the effect of any modifying evidence. *Frogate* v. *Kissell,* 138 Vt. 167, 169, 412 A.2d 1138, 1139 (1980). An award of damages must stand unless grossly excessive. *Girroir* v. *Carpenter,* 136 Vt. 290, 292, 388 A.2d 831, 833 (1978). The evidence here discloses in detail both the repairs made necessary by the defendants' unlawful use of the plaintiff's "wood road," and the willful act of the defendants in breaking the steel cable and using the road despite the knowledge that the defendants had no right to do so. The damage awards are adequately supported by the evidence.

*Affirmed.*