### Clarence Prevo v. Alexander Evarts and Judith Browne a/k/a Judith Evarts

[500 A.2d 227]

No. 83-594

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed August 9, 1985

Motion for Reargment Denied September 25, 1985

*Black, Black & Shreve*, White River Junction, for Plaintiff-Appellee.

*Divoll & Doores, P.C.*, Bellows Falls, for Defendants-Appellants.

**Hill, J.** Defendants, Alexander Evarts and Judith Browne, apeal from a judgment entered against them on a claim by the plaintiff, Clarence Prevo. Plaintiff sought to recover for damage to an apartment owned by him which he leased, under an oral contract to Evarts, and which was occupied at the time of the damage by Browne. We affirm.

The defendants were husband and wife, but had separated in 1978. Mr. Evarts remained in Vermont while Ms. Browne moved to Cape Cod. In an attempt to reconcile their marital differences, Ms. Browne planned to return to Vermont with her two sons from a previous marriage. Mr. Evarts arranged to rent property for Ms. Browne and her sons.

Mr. Evarts met with plaintiff in early November of 1978. At that time Mr. Evarts visited and looked over an apartment in a fully restored brick house owned by plaintiff in Windsor. Mr. Evarts agreed to rent the apartment and gave plaintiff a deposit at that time. Because plaintiff knew Mr. Evarts was a member of the local business community, plaintiff waived a further interview, credit reference, security deposit and written lease.

Ms. Browne moved into the apartment with her two sons in January of 1979. Mr. Evarts periodically paid the rent on the apartment, as well as some of the utility bills, from December 1978 until October 1979. Mr. Evarts made these payments with his personal checks, and never indicated that they were made on behalf of anyone other than himself.

While Ms. Browne was occupying the premises, substantial damage to the apartment was caused by her sons and their invitees. Walls in each room, except the bathroom, had holes smashed in them; windows on the first floor and in the cellar were broken; a light was damaged; a door was heavily scratched; and a number of nails were driven into the walls. The court, in its findings, found this damage to be far in excess of fair wear and tear experienced normally in rental property. The damage was never reported to the plaintiff, and was not discovered until after Ms. Browne moved out in January of 1981.

After a trial by court, both Browne and Evarts were found to be liable for the damage to the premises in excess of normal wear and tear. The court found them liable for the amount of $3,097.20 on the theories of estoppel, express contract, implied contract and voluntary waste.

## I.

Defendants' first claim on appeal is that the findings of the trial court were clearly erroneous, and consequently, the conclusions of law based on the findings were in error. The defendants allege that the court failed to make findings of fact on all material issues. See *Fisher* v. *Poole*, 142 Vt. 162, 170, 453 A.2d 408, 412 (1982). In particular, they claim that the court made insufficient findings concerning the defendants' status as tenants, and that absent such additional findings, the court's conclusions that both defendants are liable cannot be sustained. We disagree.

■ "The purpose of findings is to make a concise statement to the parties, and to this Court if an appeal is taken, of what was decided and how the decision was reached." *Vieweger* v. *Clark*, 144 Vt. 630, 633, 481 A.2d 1268, 1270 (1984). The findings made in the instant case satisfy this standard. The additional findings requested by the defendants were specifically rejected by the court in its order on defendants' motion to amend findings. The court determined then that the additional findings were either not established by the evidence or immaterial to the court's deci-

sion. The court's findings establish that it was Mr. Evarts who originally contracted with the plaintiff to lease the apartment and that at no time was the plaintiff informed that Mr. Evarts was acting on behalf of anyone other than himself. The findings are thus sufficient to establish that Mr. Evarts was liable to plaintiff based on an express contract. The findings also establish that the plaintiff was aware that Ms. Browne would be, and was in fact, the occupant of the premises, and that the parties acquiesced to this arrangement. This was sufficient to establish a contract implied in fact between the plaintiff and Ms. Browne which would impose liability on her for damage to the premises while she occupied them. "A contract implied in fact arises under circumstances which, according to the ordinary course of dealing and common understanding, of men, show a mutual intention to contract." *Erickson* v. *Goodell Oil Co.*, 384 Mich. 207, 211-12, 180 N.W.2d 798, 800 (1970).

The court having made findings and conclusions upon the essential issues, it did all the law requires of it. We are thus unable to determine that the court's findings are incomplete.

## II.

█ Defendants' second claim on appeal is that they cannot be held responsible for waste to the property because their actions were not the proximate cause of such waste which occurred solely as the result of actions by third persons. We reject this claim because the waste was committed by persons who were on the premises with the permission of the occupants. The only cases in which the tenant has been found not to be liable for waste committed by third persons are cases in which the third persons were strangers. *Bresnahan* v. *Hicks*, 260 Mich. 32, 35, 244 N.W. 218, 220 (1932) (damage done by thief); *Winfree* v. *Jones*, 104 Va. 39, 45, 51 S.E. 153, 155 (1905) (damage done by trespasser). In such circumstances, the tenant was found not to be liable unless his own negligence was a proximate cause of the waste. As the third persons in the instant case were not strangers, but were Ms. Browne's sons and their friends, the tenant may be held liable for the waste committed, and it was not error for the court to so find.

## III.

■ Defendants' third argument is that Ms. Browne's liability is limited by statute. Ms. Browne claims that 15 V.S.A. § 901* limits the amount for which she may be liable for damage to the leased premises caused by her children. We reject this claim since 15 V.S.A. § 901 has no bearing on an action brought to enforce contractual rights. At common law, a parent is not liable for his or her child's torts, absent negligent behavior on behalf of the parent. *Giguere* v. *Rosselot*, 110 Vt. 173, 179, 3 A.2d 538, 540 (1939); 59 Am. Jur. 2d *Parent & Child* § 130 et seq. The purpose of 15 V.S.A. § 901 is to extend the liability of parents to cases where there is no parental negligence. Its purpose is not to limit liability when a contract action is brought against a parent. This intent is made clear by the statute's provision that "[t]he remedy herein provided shall be in addition to, and not in lieu of, any other remedy which may exist at law." 15 V.S.A. § 901(a).

## IV.

■ Defendants' final claim on appeal is that the trial court erred in excluding evidence concerning how much of the damage to the property the plaintiff was reimbursed for by his insurance company. The defendants claim this evidence, although ordinarily not material, should have been admitted in this case to show the amount of damage which exceeded normal wear and tear. We must reject defendants' claim since the trial court was never af-

---

* Title 15 V.S.A. § 901 provides:

(a) When an unemancipated minor under the age of seventeen years wilfully or maliciously causes damage to any property, public or private, or injury to a person, either of his parents shall be liable to the owner of such property or to the person injured, in an action on this statute, for the damage to property, injury to person, or either, in an amount not to exceed $250.00 provided such minor would be liable had such minor been an adult. If the damage or injury is caused by two or more such minors, a parent shall be liable for each of his children subject to the provisions of this section in an amount not exceeding $250.00. The remedy herein provided shall be in addition to, and not in lieu of, any other remedy which may exist at law, except, however, that any judgment subsequently recovered in any action brought for money damages on account of the damage or injury herein contemplated shall be reduced by the extent of any previous judgment recovered in any other such action.

(b) The provisions of subsection (a) of this section shall not apply to a parent legally deprived or relieved of the custody of said minor prior to the commission of the act complained of.

forded an opportunity to rule on it. The defendants' counsel asked the plaintiff if he had "blanket apartment dwelling insurance" on his property. Plaintiff's counsel objected to this question. The court questioned the defendants' counsel concerning the probative value of this evidence. Defendants' counsel made no claim that this evidence was offered to show the extent of damages exceeding normal wear and tear. Instead, he only made a vague offer of proof claiming the evidence to have probative value regarding first, whether plaintiff had been reimbursed for these damages by his insurance, and second, whether plaintiff's claim was subject to subrogation. Based on such an offer of proof, the court was correct in sustaining plaintiff's objection. See *Hall* v. *Miller*, 143 Vt. 135, 141-44, 465 A.2d 222, 225-27 (1983) (collateral source rule renders evidence of insurance to mitigate damages in a contract action immaterial). "If a specific ground for admission is claimed in the offer of proof but is not applicable, and the trial court excludes the evidence, the proponent cannot complain on apeal if there was another ground for admission." *Dean* v. *Arena*, 141 Vt. 647, 650, 450 A.2d 1143, 1145 (1982). The court's ruling was thus without error.

*Affirmed.*