[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
I.
INTRODUCTION
The plaintiff landlord, Roland Etuka, has filed the instant action seeking possession of the premises known as the second floor apartment, 53 Colonial Street, Hartford, Connecticut, now occupied by the defendants Mabel and Kenshasha Hightower and others under a Section 8 lease. The substituted complaint, dated September 25, 1991, is separated into six counts and the above-named defendants have CT Page 9960 moved to strike certain portions of the complaint.
 II.
DISCUSSION
The motion to strike, P.B. 152, is utilized, inter alia, to test the legal sufficiency of the allegations of any count in the complaint. Like the demurrer which it replaces, the motion to strike admits all well-pleaded allegations and cannot be opposed by facts outside the pleadings. State v. Bashura, 37 Conn. Sup. 745, 748 (1981). Facts alleged in the complaint are to be construed in a light most favorable to the plaintiff. Amodio v. Cunningham, 182 Conn. 80, 82 (1980).
 B.
The defendants' motion to strike concern paragraphs 3b in the first count and 4b in the second count and the entire sixth count. At the hearing on this motion on October 15, 1991, the plaintiff withdrew his objection to the request concerning paragraph 4b of the second count, and that paragraph is therefore stricken.
 C.
The first count alleges that the defendant Mabel Hightower committed serious nuisance, as defined by General Statutes 47a-15, by, inter alia, threatening bodily harm on other tenants and the landlord, by causing, permitting or allowing the willful destruction of the premises and by using illegal drugs on the premises. She seeks to strike paragraph 13b on the grounds that the paragraph is at variance with the reason set forth in the notice to quit. Paragraph 3b states:
 She caused, permitted, allowed and/or contributed to a substantial and wilful destruction of part of the dwelling unit or premises, including but not limited to, the breaking of a handrail, sheetrock and the clogging of plumbing apparatus, kitchen sink and toilets.
The relevant portion of the notice to quit is reason (a)(ii) which states, "your substantial and wilful destruction of part of the dwelling unit or premises." It is well established in Connecticut that the notice to quit is the basis for the inauguration of a summary process action. Webb v. Ambler, 125 Conn. 543, 552 (1939). The allegations of a complaint may not be at variance with the notice to quit. Vogel v. Bacus, 133 Conn. 95, 98 (1946); Kapa Associates v. Flores, 35 Conn. Sup. 274, 276 (1975). The defendant argues CT Page 9961 that the verbs "permitted" and "allowed" in paragraph 3b suggest that third persons may have caused such destruction and this is at variance with the notice to quit which does not refer to third persons. This court is not persuaded by this argument. The notice to quit is addressed to five individuals, three or whom are named tenants (Mabel, Kenshasha and Remau Hightower) and two who are occupants. In paragraph sixteen of her lease, Mabel Hightower, along with the two other tenants, agreed to be responsible for damages caused by her or by her guests. It may well be that said alleged damage was caused by the two occupants or by her guests. The plaintiff will, of course, have the burden of proof at trial. At this time there is no essential distinction between the damage being caused by Mabel Hightower or by those on the premises with her permission. Prevo v. Evarts, 500 A.2d 227 (VT. 1985).
The notice to unit must apprise the tenant of the information needed to defend against premature, discriminatory, or arbitrary eviction. Jefferson Garden Associates v. Greene, Conn. 128, 143 (1987). Reason (a)(ii) certainly provides that information and the tenant is not forced to guess the actual reason for the summary process action. Busnnell Plaza Development Corr. v. Brett, SPH 8501-26883, May 15, 1985, Goldstein, J. (H-650). The motion to strike paragraph 3b is therefore denied.
 D.
The defendants also move to strike the entire sixth count stating it fails to allege a cause of action. Paragraph seven of the sixth count states that the "plaintiff has a bona fide intention to use the dwelling unit occupied by the defendants as his principal residence, such intention constituting good cause for termination of the tenancy in accordance with the terms of the lease." This cause of action is based solely on the federal regulations concerning the termination of Section 8 leases for other good cause. 24 C.F.R. § 882(c)(2); 882.511(b)(3). Connecticut summary process law, however, requires that a lease be terminated only for a statutory reason set forth in General Statutes 47a-23. See Rosa v. Cristina, 135 Conn. 364 (1949); Bongiovanni v. Reardon, SPH 8201-13501, March 8, 1982, Maloney, J., (H-313). While the federal reason does not fall within the state requirements, the landlord is not without recourse. Section 47a-23(a)(B) allows a landlord to terminate a lease "by reason of any expressed stipulation therein." The landlord can use the federally approved reason if referenced in the lease. Paragraph eleven or the lease states, in part, that [w]e cannot evict you during the current lease unless we demonstrate good cause and comply with the requirements of local law, if any and of this CT Page 9962 provision."
While the stated termination reason (intention to use the dwelling unit) is not found in this lease and while there is no reason to appropriate federal regulations, guidelines or handbooks for such reason for termination, paragraph eleven does refer to "good cause" Thus, an eviction for other good cause as defined in 24 C.F.R. § 882.215(c)(2) is allowed if brought in compliance with state requirements. Nevertheless, the plaintiff failed to include termination of an expressed stipulation, General Statutes 47a-23(a)(B), in the notice to quit and thus, the landlord has failed to comply with Connecticut law. Park Terrace Associates Limited Partnership v. Taylor, 9 Conn. App. 477, 480 (1987). The motion to strike the sixth count is therefore granted.
BERGER, J.