Sheila HILL, Floyd Barton and Janey Barton, Plaintiffs–Appellants,

v.

Alex BOYER and Lisa Boyer, Defendants–Respondents.

No. 24192.

Missouri Court of Appeals, Southern District, Division One.

April 22, 2002.

Sandra (Harrison) Osborne, Eminence, for Appellant.

Daniel T. Moore, Moore & Walsh, L.L.P., Poplar Bluff, for Respondent.

Before SHRUM, P.J., MONTGOMERY, J., and BARNEY, C.J.

PER CURIAM.

Plaintiffs appeal from a judgment in favor of Defendants after a bench trial in an action for waste under a lease with an option to purchase a mobile home. We reverse and remand.

Viewed in the light most favorable to the verdict, the evidence shows that the parties entered into an agreement in 1995 providing that Defendants would rent the Plaintiffs' mobile home for $300 monthly. The agreement also provided that all rent paid would be applied to Plaintiffs' loan on the mobile home, and Defendants would have an option to purchase the mobile home for the remaining loan balance. Eventually, Plaintiffs evicted Defendants from the premises apparently for failure to pay rent. Upon inspection, Plaintiffs found the premises in a damaged condition. Plaintiffs then brought this action under § 537.420 [1] seeking treble damages for "wanton waste."

At trial, Plaintiffs introduced evidence that repairs to the mobile home cost $6,259 excluding any repairs for ordinary wear and tear. After hearing the evidence, the trial court found that Defendants damaged the premises and that Plaintiffs proved the cost of repairs amounted to $6,259. However, the trial court further found that

Plaintiffs failed to offer any evidence showing the difference between the fair market value of the mobile home before and after Defendants' occupancy, i.e., the diminution of value test. For failing to offer this evidence regarding damages, the trial court eventually found in favor of Defendants on Plaintiffs' claim.

Plaintiffs timely filed a motion to reopen the case, asserting that through inadvertence they failed to adduce proof of diminution of value. Plaintiffs claimed they had available proof on this issue which was presentable without inconvenience to the court or prejudice to Defendants. The trial court denied this motion after a hearing.

Here, Plaintiffs' dispositive point urges that the trial court abused its discretion by refusing to reopen the case "because the evidence was readily available and would have substantially affected the merits of the action and would have altered the court's decision and there would be no inconvenience to the court or unfair advantage to any of the parties."

Waste is the failure of a tenant to exercise ordinary care in the use of the leased premises or property that causes material and permanent injury thereto over and above ordinary wear and tear. In an action for waste, the measure of damages is generally the difference between the fair market value of the realty at the end of the lease, had no waste occurred, and the fair market value of the property in its damaged condition. In contrast, the cost of repair is the proper measure of damages for waste only when the cost of repair is small in relationship to the property as a whole and when the amount of the repair is easily ascertained.

---

1. Statutory references are to RSMo 2000.

*Brown v. Midwest Petroleum Co.*, 828 S.W.2d 686, 687 (Mo.App.1992) (citations omitted).[2]

■ Under this rule, we have no quarrel with the trial court's reluctance to award damages in the absence of diminution of value evidence. This case is like *DeLong v. Broadston*, 272 S.W.2d 493, 497 (Mo. App.1954), where the court said:

> In the instant case, since there was no evidence offered or received touching the market value of the building, either before or after the damage was incurred, no measure of damage instruction could have been submitted upon that theory. It was improper to submit on the theory of the cost of repairs because it was not shown that the damage was comparatively insignificant, considering the total value of the building.

In *DeArmon v. City of St. Louis*, 525 S.W.2d 795, 800 (Mo.App.1975), the court said the diminution of value test is used "without hesitation in circumstances that suggest a very high restoration cost." In this case, Plaintiffs' measure of damage evidence was insufficient because they failed to show by cost of repairs that the damage was comparatively insignificant, considering the total value of the premises.

However, the trial court's reluctance to reopen the case under the instant circumstances is another matter. After finding that Defendants caused extensive damage to Plaintiffs' premises, the trial court held that "with singular distaste, the Court finds for defendant in that [Plaintiffs] have not met the burden of proof required on them for a lawfully determinable and final judgment by lack of proof as to measure of damages." Without explanation, the trial court denied Plaintiffs' motion to reopen the case and entered a final judgment.

■ In general, the decision on allowing a party to reopen his or her case rests within the sound discretion of the trial court. *In re Estate of Mapes*, 738 S.W.2d 853, 855 (Mo. banc 1987). In *Pride v. Lamberg*, 366 S.W.2d 441, 445 (Mo.1963), the Court held that "[w]hen there is no inconvenience to the court or unfair advantage to one of the parties, there is an abuse of discretion and a new trial will be directed upon a refusal to reopen a case and permit the introduction of material evidence, that is evidence that would substantially affect the merits of the action and perhaps alter the court's decision."

Relying on *Pride*, the Supreme Court in *Mapes* held that plaintiffs should have been permitted the opportunity to reopen their case at trial. 738 S.W.2d at 855. There, plaintiffs mistakenly believed the trial court would recognize a presumption of fraud and undue influence which would have allowed them to take their case to the jury. Therefore, plaintiffs failed to call and examine defendant Holcomb or introduce his interrogatory answers tending to establish favorable facts to plaintiffs' case. *Id.* at 856. The Supreme Court held that plaintiffs should have been allowed to reopen their case because the evidence they sought to present was material and "possibly outcome determinative." *Id.* at 855–56. The Court also observed that granting leave to reopen would not have inconvenienced the court or prejudiced the defendants. *Id.* at 856. Finally, the Court stated the rule that "[i]f a plaintiff, by mistake or inadvertence, fails to produce sufficient evidence at trial to prove his claim, in a situation where the proof seems to be available, the case should be remanded to

---

**2.** In *Brizendine v. Conrad,* 71 S.W.3d 587, at 590–91, (Mo. banc 2002), the Supreme Court relied on *Brown* in reciting the measure of

damages in an action for waste under § 537.420.

permit the introduction of additional evidence." *Id.*

Based on *Mapes*, we find an abuse of discretion in this case. Here, Plaintiffs sought to introduce readily available material evidence. That evidence was clearly outcome determinative because the court found Defendants liable for Plaintiffs' damages. The record contains no indication that reopening the case would have inconvenienced the court or prejudiced the Defendants. Similar to the plaintiffs in *Mapes*, the instant Plaintiffs mistakenly believed their cost of repair evidence would make a submissible case on damages. As a result, they failed to submit diminution of value evidence. Plaintiffs should be allowed to present such evidence at trial.

The judgment of the trial court is reversed and the case is remanded for a new trial.

