**CAMPUS LODGE OF COLUMBIA, LTD., Appellant,**

v.

**Christina Ann JACOBSON, Respondent.**

**No. WD 71503.**

Missouri Court of Appeals, Western District.

Sept. 14, 2010.

550

Steve Scott, for Appellant.

Christina Ann Jacobson, Respondent pro-se.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, ALOK AHUJA, Judge and KAREN KING MITCHELL, Judge.

JOSEPH M. ELLIS, Judge.

Campus Lodge of Columbia, Ltd. (Campus Lodge) appeals from the trial court's judgment denying it relief on its petition for damages. For the following reasons, we affirm.

Christina Jacobson signed a lease agreement with Campus Lodge covering a term from August 20, 2008, through July 31, 2009. Jacobson rented a bedroom in a four-bedroom unit and, under the terms of the lease agreement, she had exclusive use of one bedroom and bathroom and shared use of the kitchen and living/dining room areas with the other residents who occupied the remaining three bedrooms.

As part of her lease agreement, Jacobson signed a "Flat Screen Television Addendum." The addendum acknowledged that Jacobson's unit would be furnished with a flat-screen television in the common area. The portion of the addendum most pertinent to this appeal stated:

I, Christina, acknowledge the shared financial responsibility between myself, my roommate(s) and any applicable guarantor(s) for the payment of all necessary charges as associated with the television, any of the associated components, and/or the interior of the apart-

ment due to misuse, neglect, or removal of said unit. Estimated charges for the replacement of the television begin at **$1500/television,** which do not include an estimate for charges for any damage or replacement costs related to the components and/[or] the interior of the apartment.

On February 11, 2009, Jacobson went to work at 4:30 p.m. and returned to her apartment around midnight. When she returned, Jacobson testified that the patio door was open and the television was missing. Jacobson testified that she immediately called the police, filed a report, and left her residence because she did not feel safe. The next morning, Jacobson testified that she notified Campus Lodge and they conducted an inspection of the apartment. Jacobson testified that Campus Lodge informed her that a window in her roommate's bedroom was open and the screen to that window was damaged. Jacobson did not have access to that room.

Campus Lodge later informed Jacobson that she was responsible for the $1,500 in damages. Ultimately, when Jacobson did not pay, Campus Lodge filed a petition in the Circuit Court of Boone County seeking $1,500 for the missing television and attorneys fees. The case was submitted to the trial court and the court entered judgment in favor of Jacobson. Campus Lodge now appeals.

Campus Lodge contends that the trial court's judgment was against the weight of the evidence and the trial court erroneously declared and applied the law because the addendum clearly provided that Jacobson was responsible for the television. We affirm the trial court's judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Mur-*

*phy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

A lease in Missouri acts as both a conveyance and a contract, and a damaged party has available the usual contract remedies in the event a provision of a lease is breached "including damages, reformation and rescission of the contract." *Premier Golf Mo., LLC v. Staley Land Co., LLC,* 282 S.W.3d 866, 873 (Mo.App. W.D.2009). We review the court's interpretation of the lease *de novo. R & J Rhodes, LLC v. Finney,* 231 S.W.3d 183, 187 (Mo.App. W.D.2007).

Our rules for contract interpretation are as follows:

[A] contract must be construed as a whole. It must be viewed from end to end and corner to corner. The intent of the parties is presumed to be expressed by the natural and ordinary meaning of the language in the contract. If, however, the language is unclear, the trier of fact may look past the corners of the contract to ascertain the intent of the parties. In so doing the trier of fact should interpret the contract in the light most favorable to the party who did not draft the contract.

*Parker v. Pulitzer Publ'g Co.,* 882 S.W.2d 245, 249 (Mo.App. E.D.1994) (internal quotations and citations omitted). "To establish a prima facie case [of breach of lease], a plaintiff must establish the existence of a valid lease, mutual obligations arising under the lease, that defendant did not perform, and that plaintiff was thereby damaged by the breach." *TA Realty Assocs. Fund V, L.P. v. NCNB 1500, Inc.,* 144 S.W.3d 343, 347 (Mo.App. E.D.2004).

Campus Lodge has failed to establish that Jacobson breached the lease agreement because there was no evidence that Jacobson failed to perform some obligation under the lease. Under the terms of the lease, as expressed by their natural and ordinary meaning, Jacobson was responsible for the "payment for all necessary charges as associated with ... the interior of the apartment due to misuse, neglect, or removal of said [television] unit." However, there was no evidence that Jacobson ever misused, neglected, or removed the television in question. In fact, the "Lock Audit Report," which was submitted into evidence, shows that Jacobson secured the unit at 4:35 p.m. on the night of February 11, 2009, and returned to the apartment on February 12, 2009, at 12:09 a.m. The lock audit report is consistent with Jacobson's testimony and proves that Jacobson was not neglectful as she secured the apartment before leaving. Because Campus Lodge failed to show that Jacobson failed to perform some obligation under the contract, the trial court's judgment is not against the weight of the evidence and the trial court did not erroneously declare or apply the law.

The trial court could also have denied Campus Lodge recovery for breach of lease based on its failure to prove damages. Campus Lodge argues that the provision of the lease that "[e]stimated charges for the replacement of the television begin at $1500/television" established "a minimum liquidated amount of $1,500" for misuse, neglect, or removal of the television. As Campus Lodge notes, however, an enforceable liquidated damages provision reflects the amount which the parties "agree shall be payable in the case of breach." *Warstler v. Cibrian,* 859 S.W.2d 162, 165 (Mo.App. W.D.1993) (internal quotation omitted). Here, a statement that "estimated charges ... begin at" a particular amount does not reflect the parties' agreement that the "estimated charges" would automatically become due and payable by the tenant on breach of the Flat Screen Television Addendum, whatever

the extent of Campus Lodge's actual damages. Instead, the quoted language is more naturally read simply as an admonition to tenants of the significant potential financial liability they were incurring by leasing a unit in which a flat-screen television was located. We do not believe this language relieved Campus Lodge of the obligation of proving actual damages, which it wholly failed to do. Point denied.

■ Campus Lodge further contends that the trial court erroneously declared and applied the law because, under the concept of "waste," Jacobson, as a tenant, is liable for her failure to return the premises to Campus Lodge in the same condition as it was when she first occupied the apartment. Campus Lodge further notes that the lease agreement contained a waste provision clause:

> Except for repairs necessary from Resident's occupancy because of normal wear and tear, Resident agrees to leave the Premises in the same or better condition upon Resident vacating the Premises.
>
> . . . .
>
> Resident shall not remove any of Landlord's fixtures, appliances, or equipment from the Premises for any reason.

■ "Waste is the failure of a tenant to exercise *ordinary care* in the use of the leased premises or property that causes material and permanent injury thereto over and above ordinary wear and tear." *Hill v. Boyer*, 72 S.W.3d 284, 285 (Mo.App. S.D.2002) (internal quotation omitted and emphasis added). Again, we find that the trial court did not erroneously declare or apply the law because there was no evidence that Jacobson failed to exercise ordinary care in the use of the apartment, which is required to prove waste, and there was no evidence Jacobson violated the terms of the waste provision in the lease agreement.

Campus Lodges cites *Mason v. Stiles*, 21 Mo. 374 (1855), as support for its argument that a tenant is responsible for the actions of a third party in an action for waste. Campus Lodge also cites secondary legal sources for this proposition.

*Mason* involved a petition for damages by owners of a building who leased to the defendants, who in turn employed a clerk who blew up the store and entirely destroyed the building. *Id.* Our Supreme Court held that the lessee was responsible for the damage caused by the lessee's clerk. *Id.* at 378–79. Campus Lodge fails to show how *Mason* is controlling in this case when the facts in *Mason* are not at all on point with the facts in the case *sub judice*.

Further, secondary legal sources do not support Campus Lodge's position. American Jurisprudence 2d states that a tenant may be liable for waste in cases of loss by theft. 78 Am.Jur.2d Waste § 24 (2002). However, the citation provided in the footnote to that statement is to *Bresnahan v. Hicks*, 260 Mich. 32, 244 N.W. 218, 219–20 (1932), where the Michigan Supreme Court held that leaving a door unlocked was not the proximate cause of loss of fixtures being stolen from the leased premises, so as to render the tenant liable to the landlord on the theory of permissive waste. The court stated:

> This brings us to the question of whether defendant, as a tenant at will, is liable to respond in damages for fixtures taken and carried away by a thief. We cannot hold such to be commissive or permissive waste. Certainly it was not commissive waste for such contemplates participation, at least to some extent, by the tenant and no such claim is made. Permissive waste, at least, requires a showing that it was allowed by the ten-

ant or was the proximate result of want of reasonable care on his part.

*Id.*

None of the citations provided by Campus Lodge supports its proposition that Jacobson is liable for the cost of the television under the concept of waste, and Campus Lodge has failed to show that Jacobson failed to exercise ordinary care. Accordingly, we find the trial court did not err in denying Campus Lodge relief. Point denied.

The trial court's judgment is affirmed.

All concur.