Filed 08/25/25

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-247

| | |
|---|---|
| 71 Drew LLC,<br>     Appellant<br><br>      v.<br><br>Burlington Housing Board of Review,<br>    Appellee | On Appeal from Decision of<br>City of Burlington<br>Housing Board of Review |

DECISION ON APPEAL

Pursuant to Rule 74, Landlord 71 Drew LLC appeals a decision of the Burlington Housing Board of Review regarding the return of a security deposit. The Board concluded that Landlord improperly withheld $916.77 from the tenants. For the following reasons, the Board's decision is AFFIRMED.

Background

Appellant 71 Drew LLC ("Landlord") is the owner of a rental unit, 71 Drew Street, #2, in Burlington. Robert Rich is the registered agent of the company and manages the property. Tenants Ben Fishbein and Rachel Buckner moved into the rental unit with a written lease that commenced on September 1, 2022 at a monthly rent of $1,875 and a security deposit in the same amount. Tenants vacated the apartment on August 31, 2024. On September 14, 2024, Landlord sent a written statement to Tenants that itemized deductions of $1,577.25 from the security deposit. Interest of $3.90 was credited to the deposit, and Landlord returned $301.65 of the deposit to Tenants.

In seeking a review before Burlington Housing Board of Review, Tenants disputed the deductions for damage to the hardwood floor, cleaning fees, painting, patching nail holes, damage to window shades, and damage to a dining room window. Landlord argued that the deductions should be allowed because they were all for damage beyond normal wear and tear. The Board held a hearing on November 21, 2024 at which all parties testified.

The Board issued its decision on December 21, 2024. Based on the evidence and testimony, the Board concluded that the deductions for damage to the window shades and dining room window and for some of the wall painting were reasonable, but that the deductions for nail holes, hardwood floor damage, cleaning, and some of the painting stemmed from normal wear and tear and were consequently unreasonable and not allowed. The Board ordered that Tenants were entitled to recover $916.77 of the principal amount of the security deposit improperly withheld plus additional interest of $0.006 per day from September 15, 2024 until the date that

the amount improperly withheld is returned. On appeal, Landlord challenges the Board's conclusion only as the hardwood floor damage, nail holes, painting, and cleaning.[1] Landlord had deducted $500 for the hardwood floors.

Legal Standard

Appeals from decisions of the Housing Board of Review under 24 V.S.A. § 5006 are governed by V.R.C.P. 74. *In re Soon Kwon*, 2011 VT 26, ¶ 6, 189 Vt. 598. The court reviews the decision of the Board "on the record" rather than by conducting a new hearing. *Id*. (citing *State Dep't of Taxes v. Tri-State Indus. Laundries, Inc.*, 138 Vt. 292, 294-95 (1980)). Unless the court determines that it must take evidence or appoint a referee for proper disposition of the matter, the court reviews the record of the hearing and exhibits acted upon by the Board. *See* 24 V.S.A. § 5006(b); V.R.C.P. 74(d). "In such cases, the court's task is solely to determine whether there was 'any reasonable basis for the [Board's] finding[s].'" *In re Soon Kwon*, 2011 VT 26, ¶ 6, 189 Vt. 598 (quoting *Tri-State Indus. Laundries, Inc.*, 138 Vt. at 294). The court does not "reweigh the evidence or assess the credibility of witnesses" because that is the province of the Board as the trier of fact. *Sweet v. Pierre*, 2018 VT 122, ¶ 13, 209 Vt. 1 (citing *Mullin v. Phelps*, 162 Vt. 250, 261 (1994)).

Analysis

"A security deposit is any advance, deposit, or prepaid rent, however named, which is refundable to the tenant at the termination or expiration of the tenancy. The function of a security deposit is to secure the performance of a tenant's obligations to pay rent and to maintain a dwelling unit." 9 V.S.A. § 4461(a). A landlord "may retain all or a portion of [a] security deposit for . . . damage to property of the landlord, unless the damage is the result of normal wear and tear or the result of actions or events beyond the control of the tenant." *Id*. § 4461(b)(2); *see also* Burlington Code of Ordinances § 18-120. "'Normal wear and tear' means the deterioration that occurs, based upon the reasonable use for which the rental unit is intended, without negligence, carelessness, accident, or abuse of the premises or equipment or chattels by the tenant or members of his or her household or their invitees or guests." 9 V.S.A. § 4451(5).

The Court has reviewed the record, including the recording of the hearing below. First, there was evidence in the record that Tenants cleaned the apartment when moving out, following Landlord's checklist. The Board was well within its discretion to credit this evidence and conclude that the 2.4 hours of cleaning done by Landlord – including windows, the oven window, cobwebs, and light fixtures – constituted normal wear and tear. *See, e.g.*, *Camacho v. Paduch*, 78 N.Y.S.3d 905, 911 (City Ct. 2018) (cleaning dirty windows and ceiling fans is normal wear and tear).

There was also photographic evidence of the nail holes in the record. Exs. P7, P8. In certain cases, excessive nail holes might go beyond normal wear and tear. *See, e.g.*, *Prevo v.*

---

[1] While Landlord discussed only the hardwood floor damage in his appellate and reply briefs, he also identified the nail holes, painting, and cleaning as issues in his notice of appeal. Thus, the Court addresses all of those issues.

*Evarts*, 146 Vt. 216, 218 (1985).  Here, however, the Board was well within its discretion as the fact finder to examine that evidence and determine that it constituted normal wear and tear.

As to painting, the record similarly included photos of wall damage, including "some marks and discoloration on some walls, as well as some nail holes and a patch mark."  Board Dec. ¶ 10; Ex. P6, P9, P10, P11, P12.  Again, the Board was well within its discretion to review this evidence and conclude that a reasonable deduction for painting over wall damage beyond normal wear and tear was $246.77, rather than the $375 sought by Landlord.  *See*, *e.g.*, *James Bohl, CPA, P.C. v. Poffenbarger*, 100 N.Y.S.3d 609 (App. Div. 2018) ($2,500 for painting constituted normal wear and tear).

With respect to the hardwood floors, a lease addendum between Landlord and Tenant provides:

> **Care of Hardwood Floors:**
> Lessee shall exercise appropriate care of the hardwood floors in the apartment by using felt pads under all furniture legs and supports so as not to scratch the finish or damage the wood. Lessee will not drag heavy objects across the floors, or otherwise carelessly use the floors in a manner that will cause them damage.

Ex. D1.  Another agreement titled "Proper Care/No Alteration Agreement" contains a similar provision regarding proper care of the hardwood floors."  The evidence below was that Landlord provided Tenants felt pads free of charge, and that Tenants promptly placed them under the legs of their sofa at the beginning of their lease.  In 2024, Landlord noticed that the hardwood floor under the sofa had gouges.  Tenants checked below the sofa, observed that the felt pads had worn down, and promptly replaced them.  Based on this evidence, the Board found and concluded that:

> [Tenants] were very careful with respect to moving furniture and used felt pads under the furniture to protect the floor.  Knowing that [Landlord] was concerned about the floors, [Tenants] were as careful as possible with the floors.  The Board concludes that [Tenants] made reasonable use of the property.  Additionally, the floors had not been refinished since 2012. . . . Consequently, the Board concludes that the deduction for the hardwood floor was not reasonable as it was part of normal wear and tear.

Housing Board Dec. ¶ 17.

The record supports this conclusion.  Tenants testified that they were very careful about moving furniture and using felt pads under the furniture.  The Board, as the finder of fact, had discretion to credit this testimony.  In other words, the Board found that the damage to the floors was not caused by Tenants' negligence or carelessness, but rather was the result of normal wear and tear.  *See* 9 V.S.A. § 4451(5).  Moreover, sitting on a couch and occasionally moving it around is a reasonable use of a residential property.  Thus, it was not inappropriate for the Board to conclude that hardwood floors may need maintenance from time to time.  *See*, *e.g.*, *Wood v.*

3

*Bosch*, 213 N.Y.S.3d 842 (City Ct. 2022) (finding that "sanding and staining the floors" after a 10-year period of no maintenance was "not inconsistent with what would be required for normal wear and tear").  Landlord suggests that Tenants should have periodically checked the felt pads to ensure their viability, but points to no authority imposing such a duty.  The two lease provisions explicitly addressing proper care of the hardware required Tenants to place felt pads under all furniture legs, but did not affirmatively require Tenants to subsequently check the felt pads at certain intervals.  There is no basis to disturb the Board's ruling below.

Order

For the foregoing reasons, the decision of the Burlington Housing Board of Review is AFFIRMED.

Electronically signed on August 25, 2025 at 2:33 PM pursuant to V.R.E.F. 9(d).

Megan J. Shafritz
Superior Court Judge