938 A.2d 570 (2007)
2007 VT 97
Tammy WETMORE
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 06-089.
Supreme Court of Vermont.
September 19, 2007.
*571 Present: REIBER, C.J., DOOLEY, JOHNSON and SKOGLUND, JJ., and BENT, Superior Judge, Specially Assigned.

ENTRY ORDER
¶ 1. Defendant State Farm Mutual Automobile Insurance Company appeals from the superior court's grant of plaintiff Tammy Wetmore's post-trial motion for additur or a new trial. We affirm.
¶ 2. This suit arose from an automobile collision, in November 2000, in which plaintiff was rear-ended by an underinsured motorist (UIM). As a result of the accident, plaintiff suffered a herniated disc and certain connective-tissue injuries. Plaintiff sued defendant, her automobile insurance carrier, for damages under her policy's UIM provisions. At the two-day trial, the sole contested issue was the amount of plaintiff's damages. Plaintiff testified, and also presented testimony of two medical experts, lay witnesses, and her medical records and bills.
¶ 3. The experts uniformly testified that plaintiff had sustained permanent injuries: a herniated disc in her cervical spine and related injuries to her cervical- and thoracic-spine connective tissues. Doctor Johansson, who examined plaintiff in 2003 and 2005, testified that he observed no change in plaintiff's palpable symptoms in the two years between his examinations of her. In particular, Dr. Johansson testified that plaintiff had palpable muscle tension in her upper back at the time of both examinations, and that her condition was at a medical end result: that is, it would not improve in the future. Plaintiff's medical records reflected similar objective findings by other medical professionals. Defendant did not present any conflicting expert testimony, but contested the severity of plaintiff's pain and the amount of her damages by cross-examining plaintiff and her witnesses.
¶ 4. The jury received explicit instruction concerning compensatory damages generally, and past and future pain and suffering and loss of enjoyment of life specifically. Those instructions are detailed infra, ¶¶ 13-15, in our discussion of the award. The jury was also instructed that plaintiff's statistical life expectancy is eighty-one years, and that she therefore *572 could be expected to live an additional forty-seven years after trial.
¶ 5. The jury returned a damages verdict via special interrogatories, V.R.C.P. 49, awarding plaintiff the following amounts: $11,337.50 for past medical expenses; $19,200.00 for future medical expenses; $2,190.00 for past mental anguish and emotional and physical pain and suffering; $0.00 for future mental anguish and emotional and physical pain and suffering; $10,000.00 for permanent injury; $1.460.00 for past loss of enjoyment of life; and $0.00 for future loss of enjoyment of life. Liability for plaintiff's injuries was not disputed at trial. The award for past medical expenses was the full amount of the expenses plaintiff incurred before trial. The award for future medical expenses was sufficient to compensate plaintiff for the present value of the six to twelve physical therapy visits she claimed would be necessary each year for the rest of her life. The total damages award was $44,187.50.
¶ 6. Plaintiff then moved, pursuant to V.R.C.P. 59, for an amended judgment, additur, or a new trial, contending that the jury had either disregarded the reasonable and substantial evidence, or had ruled based on passion, prejudice, or misunderstanding. Plaintiff argued that the jury's awards of $19,200.00 for future medical expenses and $10,000.00 for permanent injury were inconsistent with the $0.00 awarded for future pain, suffering, and loss of enjoyment of life. Plaintiff's principal contention in this regard was that "the medical evidence established that this future medical treatment is for pain relief only; while it may help to reduce flare-ups of pain . . . it will not eliminate or cure her pain." The motion requested additur of $25,000.00 for future pain and suffering and $15,000.00 for future loss of enjoyment of life.[1] By written order, pursuant to V.R.C.P. 59(a), the superior court conditionally granted plaintiff's motion for new trial unless defendant accepted additur of $40,000.00. This appeal followed.
¶ 7. Rulings on motions for new trial are within the discretion of the trial court. Irving v. Agency of Transp., 172 Vt. 527, 528, 768 A.2d 1286, 1289 (2001) (mem.). When reviewing a trial court's decision on a motion for new trial, we afford the decision "all possible presumptive support, similar to the support the trial court owes to a jury verdict." Brueckner v. Norwich Univ., 169 Vt. 118, 133, 730 A.2d 1086, 1097 (1999) (quotation omitted). If there is evidence of a compromise or other improper basis for a verdict, it cannot be sustained and a motion for new trial or additur should be granted. Grazulis v. Curtis, 149 Vt. 371, 374, 543 A.2d 1324, 1326 (1988). "Absent evidence of an abuse of discretion, we defer to the trial court to determine issues of compromise as it is in a better position to determine the question." Ball v. Melsur Corp., 161 Vt. 35, 44, 633 A.2d 705, 712 (1993) (citing Rule v. Johnson, 104 Vt. 486, 491, 162 A. 383, 385-86 (1932)).
¶ 8. Here, the trial court concluded that the jury's verdict was internally inconsistent and, as a result, did not adequately compensate plaintiff for her injuries. The court's conclusion was premised on its determination that "[a] herniated cervical disc and accompanying soft-tissue injuries are not the types of maladies for which a person seeks treatment for non-pain related concerns." The court noted that the jury, in awarding plaintiff $10,000.00 for *573 permanent injury, had plainly concluded that plaintiff suffers from a permanent injury, and that the primary symptoms of that injury, according to the undisputed evidence adduced at trial, are pain and discomfort. Accordingly, the court determined that additur or a new trial was appropriate as to the future pain-and-suffering award. Similarly, the court found the jury's failure to make any award for future loss of enjoyment of life inconsistent with the jury's awards for permanent injury and future medical expenses.
¶ 9. While we do not hold that an award for future medical expenses or permanent injury will in every case be inconsistent with a $0.00 award for future pain and suffering or loss of enjoyment of life, see Ball, 161 Vt. at 44, 633 A.2d at 712, we do conclude that the trial court was within its discretion in granting additur or a new trial on the facts before it here.
¶ 10. Where a jury awards future medical expenses that are explicitly intended to compensate a plaintiff for future pain alleviation but makes no award for future pain, suffering, anguish and loss of enjoyment of life, a new trial conditioned on defendant's acceptance of a reasonable additur will generally be proper. See, e.g., Brooks v. Brattleboro Mem'l Hosp., 958 F.2d 525, 529-31 (2d Cir.1992) (remanding for new trial where jury verdict imposed damages for all of plaintiff's medical expenses, plaintiff's pain and suffering were "uncontroverted," and jury made no award for pain or suffering). And so it is here. The trial court was well within its discretion, given the nature of the evidence and the jury instruction, to order a new trial or additur.[2]
¶ 11. Defendant next contends that the amount of the additur was excessive because it is out of proportion with the awards for past pain and suffering and loss of enjoyment of life. We disagree. Defendant is certainly correct that an additur granted under Rule 59(a) must be reasonable and consistent with the evidence adduced at trial. Murphy v. Stowe Club Highlands, 171 Vt. 144, 159-60, 761 A.2d 688, 699 (2000). However, defendant is wide of the mark in arguing that this award was unreasonable for being out of proportion with the awards for past damages. Defendant principally argues that awards for future damages must be limited in some way  only vaguely defined by defendant  based on the amount of past damages. In cases like this one, where a plaintiff is at a medical end result  that is, her condition is not expected to change for either good or ill in the future  that argument is not entirely without merit. Where a plaintiff's condition has been relatively static for some time before trial, and the evidence supports the conclusion that the condition will likely remain so for the remainder of the plaintiff's life, the future award must, in order to be reasonable, be proportional to the past award. The additur granted here for future pain, suffering, mental anguish, and loss of enjoyment of life, however, does not offend this principle.
¶ 12. The jury awarded plaintiff $3,650.00 for past pain, suffering, mental *574 anguish, and loss of enjoyment of life. Absent any evidence to the contrary, this Court can only presume that this amount was meant to compensate plaintiff for damages suffered throughout the approximately five-year period prior to the judgment.[3] Plaintiff's future life expectancy at the time of trial was forty-seven years, or approximately nine and one-half times the period for which past damages were awarded. Given that the jury awarded plaintiff damages for permanent injury, we cannot say that a future-damages award of slightly more than ten times the past-damages award was unreasonable as a matter of law. It was no abuse of discretion for the trial court to order additur in this amount.
¶ 13. Defendant next argues that the jury instruction was meant to limit plaintiff's recovery to "meaningful or measurable" pain and suffering. But the word "conscious" in the jury instruction cannot bear the weight defendant would place on it, and defendant's construction of the instruction is belied by the instruction itself, and by the cases construing similar language.
¶ 14. The jury instructions provided as follows with respect to past pain and suffering:
Ms. Wetmore is entitled to recover a sum of money which justly and fairly compensates her for any conscious pain, suffering, and discomfort to date caused by the collision. Conscious pain and suffering means pain and suffering of which there was some level of awareness by Ms. Wetmore; in other words, if you find that Ms. Wetmore was aware of her suffering and pain at the time it occurred, she is entitled to compensation.
The jury was instructed as follows with respect to plaintiff's future pain and suffering:
Ms. Wetmore is also entitled to recover for any pain, suffering, and discomfort that you find she will suffer in the future, her future deprivation of enjoyment of life and the usual social, recreational, and physical activities that would otherwise have been available to her, and her future anxiety, fear, and mental suffering.
¶ 15. As is evident from the first-quoted instruction, the court did not intend, and the jury could not reasonably have concluded, that "conscious" meant what defendant asserts. The instruction explicitly directed the jury that it must compensate plaintiff for any pain and suffering of which she was aware at the time it occurred. The jury was not required to consider whether plaintiff's pain was "meaningful or measurable" or "compensable" as defendant would have it. And no argument was raised, nor evidence introduced, to suggest that plaintiff was  or would be in the future  unaware of any of the pain or suffering for which she sought compensation.
¶ 16. The cases uniformly support this interpretation of "conscious pain and suffering." See, e.g., Ballou v. Henri Studios, Inc., 656 F.2d 1147, 1157 (5th Cir. 1981) (upholding $0 pain-and-suffering award where mother, in survival action, failed to show that her deceased son was aware of pain between injury and his death two days later); Oberson v. United States, *575 311 F.Supp.2d 917, 950 (D.Mont.2004) (evidence established that severely brain-damaged snowmobiler had sufficient cognitive function after accident to experience pain and suffering; pain-and-suffering award therefore proper); Banks ex rel. Banks v. Sunrise Hosp., 120 Nev. 822, 102 P.3d 52, 66 (2004) (evidence established that patient, though in persistent vegetative state, was conscious of pain, as was required for award for pain and suffering); Cummins v. County of Onondaga, 84 N.Y.2d 322, 618 N.Y.S.2d 615, 642 N.E.2d 1071, 1072 (1994) (where no evidence supported conclusion that decedent regained consciousness of any sort between car accident and death minutes later, vacatur of jury's pain-and-suffering award was proper). There was no error, in the instant case, in the trial court's construction of the jury instruction.
¶ 17. For the foregoing reasons, we conclude that the superior court did not abuse its discretion in ordering an additur or new trial, and the judgment is affirmed.
Affirmed.
NOTES
[1] Plaintiff also requested an additional $2,500.00 for past pain and suffering and $2,000.00 for past loss of enjoyment of life. The court did not grant additur for these amounts, and plaintiff did not cross-appeal seeking them.
[2] This is not a case where the verdict itself is so suggestive of compromise that a new trial on all issues is the only proper remedy. See, e.g., Leipert v. Honold, 39 Cal.2d 462, 247 P.2d 324, 327-28 (1952) (where damages were inadequate, issue of liability was close, and circumstances indicate that verdict was result of prejudice, sympathy, or compromise, new trial on all issues must be ordered). Here, the jury verdict was internally inconsistent, but liability was conceded at trial, and the inadequate damages award therefore does not suggest compromise between competing jury factions, as it would had liability been close.
[3] At oral argument, counsel for defendant contended that the jury's $3,650.00 award, because it is an even multiple of the number of days in a single year, must have been intended to compensate plaintiff for only a single year of past pain, suffering, mental anguish, and loss of enjoyment of life, at the rate of $10.00 per day. This argument from simple arithmetic, seductively neat though it is in hindsight, was not a theory of damages offered to the jury, and we find it unconvincing now.