*Amerio v. Watson*, No. 328-5-13 Rdcv (Cohen, J., Dec. 12, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Rutland Unit | Docket No. 328-5-13 Rdcv |

| | |
|---|---|
| Lorrie Amerio,<br>　　　Plaintiff<br><br>　　　v.<br><br>James Watson,<br>　　　Defendant | ENTRY ORDER |

## Opinion on Motion

Plaintiff Lorrie Amerio files this Motion under Rule 59, seeking a new trial or additur after a judgment issued on a jury verdict on August 7, 2014. Although the jury found Defendant, James Watson, Jr.,negligent and liable to Plaintiff for a car collision that resulted in her back and neck injuries, it awarded her no pain and suffering damages. Plaintiff argues this result shows "the obvious presence of a compromise verdict," and warrants an additur or new trial on the amount of pain and suffering damages Plaintiff deserves. Pl.'s Mot. Additur & New Trial. For the reasons addressed below, this Motion is **DENIED**.

## Statement of Facts and Procedural History

In accordance with the deference owed to jury verdicts, the following facts are related by indulging all assumptions that favor the verdict and are consistent with the evidence in the record. *Wetmore v. State Farm Mut. Auto Ins. Co.*, 2007 VT 97, ¶¶ 9–10, 182 Vt. 610.

On June 13, 2012, an automobile collision occurred between Plaintiff's vehicle and Defendant's in the City of Rutland, Vermont. Plaintiff was making a left turn when Defendant's car struck hers from behind. The jury determined Defendant was negligent in causing the accident.

During the collision, Plaintiff suffered a whiplash injury for which she later sought medical attention in the form of a radiograph and chiropractic visits. The radiograph revealed no injury or misalignment in the spine. At the chiropractic visits, Plaintiff self-reported some headaches, lower back pain, and neck pain, but all were described as minor in intensity, with the most common rating on a ten-point scale being zero (where ten would have been the greatest pain). There was conflicting evidence as to the causes of what pain there was, as she had suffered headaches prior to the accident, experienced stress-related headaches, and had been previously diagnosed with painful arthritis to the hip, which could cause her back to ache. The highest Plaintiff ever rated any pain to her chiropractor was "five," but on both occasions when this descriptor was used, Plaintiff attributed the discomfort not to the accident, but to special circumstances, such as menopause and strain during holiday preparations.

At the conclusion of evidence, this Court instructed the jurors on the types of damages they could award, calling them "medical expenses" and "personal injury damages." Jury Inst'ns 8. It explained, "Medical expenses include all doctor's bills, hospital bills, expenses for medical appliances, pharmacy bills, and other bills of a medical nature that are a proximate result of the accident." *Id*. The Court described personal injury damages as "compensation for any bodily injury sustained by the Plaintiff, and any resulting pain, suffering and discomfort; disability or physical impairment; disfigurement; mental anguish; inconvenience; loss of ability to engage in recreational activities; and loss of capacity or the enjoyment of life experienced in the past or to

be experienced in the future." *Id.* The court directed that "[t]he Plaintiff bears the burden of proving [each type of] damages by a preponderance of the evidence." *Id*. at 7. When the jury returned its verdict form, it had found Defendant liable for the precise amount of medical expenses Plaintiff was billed for. It had awarded Plaintiff no personal injury damages at all, whether for past or future pain.

Upon receiving the jury's verdict, this Court called a bench conference with counsel for both parties and discussed the propriety of the verdict, given the Supreme Court's ruling in *Smedberg v. Detlef's Custodial Service*, 2007 VT 99, 182 Vt. 349. As described below, the court in *Smedberg* held that a verdict awarding medical damages but no personal injury damages was an indicator of an improper verdict based on compromise. The Court and the parties discussed the possibility of returning the jurors to their deliberations to award some degree of personal injury damages. But the parties declined that option. Judgment was entered on the verdict on August 7, 2014. Plaintiff filed her "Motion for Additur and/or New Trial" the same day, grounding her argument in the *Smedberg* holding.

## Discussion

The trial court retains significant discretion when ruling on a Rule 59 motion. See *Irving v. Agency of Transp.*, 172 Vt. 527, 528, (2001) (citing *Brueckner v. Norwich univ.*, 169 Vt. 118, 122 (1990)). However, "[u]nless [it is shown that] the verdict is . . . clearly erroneous, or that the jury disregarded the reasonable and substantial import of the evidence, or found against it because of passion, prejudice, or some misconception of the matter, the trial court cannot exercise its discretion and set aside the verdict." *Newkirk v. Towsley*, 134 Vt. 237, 238 (1976). Additionally, when assessing the verdict for clear error or disregard of the evidence, "all the evidence must be considered in the light most favorable to the prevailing party." *Id*. This standard applies equally to requests for new trials and requests for additurs. See V.R.C.P. 59.

A. <u>It was reasonable for the jury to find that Plaintiff had not met her burden of proving she suffered personal injury damages.</u>

When a plaintiff challenges a jury's award of damages under Rule 59 by arguing the award reflects compromise, "the threshold determination of whether [the] verdict has been compromised is whether the jury could reasonably have calculated the damages awarded on the evidence presented." *Ball v. Melsur Corp.*, 161 Vt. 35, 44 (1993) (unrelated holding abrogated by *Demag v. Better Power Equip.* 2014 VT 78, --- Vt. ---). Vermont's "standard rule" for calculating tort damages is that "plaintiffs must prove, by a preponderance of the evidence, the extent and nature of their damages[, as well as] that such damages are the direct, necessary, and probable result of defendant's negligent act." *Langlois v. Town of Proctor*, 2014 VT 130, ¶ 45, --- Vt. --- (internal quotation omitted). So the question becomes whether the jury could reasonably have found the plaintiff proved the "extent and nature" of her damages by a preponderance of the evidence.

In some circumstances, it is possible to infer from a jury's verdict that the jury misunderstood or misapplied its burden of proof instruction. For example, the evidence at trial may have been so overwhelmingly probative of personal injury damages that a verdict not awarding those damages is clearly unreasonable. See *Smedberg*, 2007 VT 99. Another example is where a certain medical treatment is either invariably in response to pain or inherently a cause of pain, such that a finding that the defendant is liable for medical damages must be accompanied by a finding of liability for personal injury damages; to find a lack of personal injuries in that situation would be clearly unreasonable. See *id.*; compare *Wetmore v. State Farm Mut. Auto. Ins.*, 2007 VT 97, ¶¶ 8–9, 182 Vt. 610 with *Ball v. Melsur Corp.*, 161 Vt. at 44–45.

The case at bar does not fit into either category of circumstances. Plaintiff's attempted comparison to the *Smedberg* case illustrates why. In *Smedberg*, the plaintiff slipped and fell in her workplace and suffered a cervical spine injury that involved a protruded disc. *Id.* at ¶¶ 2 & 11. She sued her employer for negligence, seeking, *inter alia*, medical and personal injury damages. *Id.* at ¶ 3. Multiple doctors testified at trial that the plaintiff's injury caused her extreme

physical pain, to the point where, as her pain management specialist noted, she "could barely tolerate simple sitting and standing." *Id.* at ¶ 10. After attempting a physical therapy regimen to no avail, the plaintiff was strongly encouraged to undergo a spinal decompression and fusion operation to remove the disc protrusion and permit the problem vertebrae to fuse together. *Id.* at ¶¶ 10–11. The operation required "very invasive" neurosurgery, but the plaintiff was in such pain that she elected to have it performed. *Id.* at ¶ 11. The jury found the employer 50% at fault, and awarded the plaintiff 50% of her claimed medical expenses for the operation, but no personal injury damages. *Id.* The trial court in *Smedberg* entered judgment on the verdict and denied the plaintiff's subsequent Rule 59 motion for a new trial or additur.

The Vermont Supreme Court reversed. It recited that "[w]here . . . the jury has evidently disregarded the reasonable and substantial evidence, or found against it, through passion, prejudice, or some misconstruction of the matter, that judgment requires that the court's discretion be exercised to set aside the verdict." *Id.* at ¶ 12 (internal quotation omitted). In *Smedberg* it found this had taken place, for "[t]here was reasonable and substantial evidence at trial that, as a result of her back and neck injuries, plaintiff had surgery and suffered pain in the past, and that she would suffer pain in the future." Id. at ¶9. The court held that a new trial was necessary because of the "internal inconsistency" in the jury "finding defendant liable for her medical expenses, including the cost of invasive surgery, but awarding nothing for past or future pain and suffering." *Id.* at ¶¶ 12 & 9.

The *Smedberg* facts fit into the first category described above, where a verdict must be set aside because it is so against the evidence as to be clearly unreasonable. But despite Plaintiff's insistence, the present case is not "on par" with those facts. Unlike in *Smedberg*, Plaintiff's only evidence of subjective pain and suffering from the accident came from her testimony at trial. The only medical professional to testify (contrasted with Ms. Smedberg's two or three) contradicted her testimony by describing the numerous times Plaintiff told him she was feeling no pain at all. His contemporaneous records confirmed her lack of self-reported pain. Unlike the apparently uncontroverted source of the pain in *Smedberg*, the chiropractic records in this case disclosed that when Plaintiff did feel mild-to-moderate pain, she often explicitly attributed it to situations or conditions unconnected with the accident. Thus, the jury here could have properly applied the burden of proof standard to the evidence and reasonably concluded it was not met. On the deferential review recited above, this Court must assume that it did. It would be an abuse of this court's discretion to order a new trial or additur based on the jury "disregard[ing] the reasonable and substantial import of the evidence" or "f[i]nd[ing] against it" for an improper reason, because the jury's findings were consistent with the evidence. *Newkirk*, 134 Vt. at 238; see also *Davis v. Mullen*, 773 A. 2d 764, 767 (Pa. 2001) ("Today, we hold that a jury's award of medical expenses without compensation for pain and suffering should not be disturbed where the trial court had a reasonable basis to believe that: (1) the jury did not believe the plaintiff suffered any pain and suffering, or (2) that a preexisting condition or injury was the sole cause of the alleged pain and suffering.")

The *Smedberg* facts also fit into the second set of circumstances described above. Personal injury damages were implied from the medical damages because of the pain necessarily inciting and resulting from the particular procedure in that case. The evidence revealed that the type of operation Ms. Smedberg underwent is universally performed exclusively pain management. It also qualifies as "very invasive" neurosurgery that inherently comes with attendant pain or discomfort. *Smedberg*, 2007 VT at ¶¶ 9 & 11.

The case of *Wetmore v. State Farm*, decided in the same term as *Smedberg*, also exemplifies the second set of circumstances described above, and makes plain that *Smedberg* did not impose a per-se rule requiring personal injury damages upon an award of medical damages. In *Wetmore*, the plaintiff suffered a herniated disc when the defendant's car collided with hers. After hearing testimony from various treating physicians, the jury awarded the plaintiff past and future medical expenses, as well as past compensation for "loss of enjoyment of life," but awarded no future personal injury dmages. *Wetmore*, 2007 VT 97 at ¶ 5. When the trial court

issued an additur for the future damages, the Supreme Court affirmed. It reasoned that "[t]he court's conclusion was premised on its determination that a herniated cervical disc and accompanying soft-tissue injuries are not the types of maladies for which a person seeks treatment for non-pain related concerns." *Id.* at ¶ 8 (internal quotation marks omitted). In other words, there was no medical necessity, apart from pain management, to undergo any treatment. Still, the *Wetmore* court cautioned, "We do not hold that an award for future medical expenses or permanent injury will in every case be inconsistent with a $0.00 award for future pain and suffering or loss of enjoyment of life." *Id*. at ¶ 9. Instead, the question is always whether the plaintiff has met her burden of proof, and the court in *Wetmore* found she had.

However, in the present case the plaintiff did not meet her burden of proving her chiropractic visits were either inspired exclusively by pain related to her accident, like in *Wetmore*, or necessarily resulted in pain, like the invasive surgery in *Smedberg*. Unlike the doctors in *Wetmore* and *Smedberg*, a chiropractor treats persons both suffering pain and not suffering pain alike, a fact highlighted by Plaintiff's treatments during periods when her pain was "zero." A chiropractor also does not perform any invasive surgical procedures like the neurosurgeon in *Smedberg*. In addition, unlike in *Wetmore* or *Smedberg*, there was evidence before the jury here that any pain Plaintiff did report to her chiropractor was attributable to extraneous or pre-existing conditions, like stress headaches, menopause, and arthritis. Therefore, in contrast to the facts in those cases, it cannot be said that a chiropractic adjustment is only ever in response to pain, nor that it necessarily results in pain or discomfort, and the jury reasonably could have awarded medical damages without personal injury damages consistently with the evidence. Affording "all possible presumptive support" to the jury's decision, this is not a circumstance where the Court could consider the verdict "clearly erroneous."[1] *Smedberg*, 2007 VT at ¶¶ 5 & 12. See also *Ball*, 161 Vt. at 44–45 (refusing to set aside a verdict for medical but not personal injury damages because under some lines of reasoning, the verdict was consistent with the evidence: "[T]he jury could have awarded future medical expenses for the purpose of increasing plaintiff's future earning capacity rather than alleviating pain or it could have concluded that the amount expended for medicines and treatment would eliminate the pain."). Rather, this is a case where the plaintiff failed to meet her burden of proof on a particular type of damages.

B. <u>Even if the jury's damages determination were unreasonable, Plaintiff waived her ability to seek a new trial or additur.</u>

Even if the jury's determination of damages were unreasonable, Plaintiff would not be entitled to a new trial or additur in this case, because of the invited error doctrine. "[T]he invited error doctrine, which applies in both civil and criminal cases, is a branch of the doctrine of *waiver* by which courts prevent a party from inducing an erroneous ruling and later seeking to profit from the legal consequences of having the ruling set aside." *State v. Smith*, 2010 VT 15, ¶ 8, 187 Vt. 600 (quoting *State v. Longe,* 170 Vt. 35, 39 n.* (1999)). It is distinguished from the plain error doctrine by how it arises and its effect. Under the plain error doctrine, a court will review decisions "when a party through neglect 'fail[s] to make a proper objection.'" *Id.* at ¶ 8, n.4 (quoting *U.S. v. Cruz-Rodriguez*, 570 F.3d 1179, 1183 (10th Cir. 2009)). Under the invited

---

[1] Even if there were reason to order an additur, there was so little evidence of personal injury damages at trial that it would be nearly impossible for the Court to order a proper and meaningful one. "[A]n additur granted under Rule 59(a) must be reasonable and consistent with the evidence adduced at trial." *Wetmore*, 2007 VT 97 at ¶ 11. When a court is faced with a verdict awarding past personal injury damages but not future personal injury damages, it may reasonably rely on the calculation of the past damages to prepare an additur for future ones. But that is not the situation here. Rather, were the Court to attempt an additur in this case, it would be unguided by the evidence at trial, which revealed little to no pain, or even by the suggestion of the moving party, for no specific amount was requested. See *id.* at ¶ 6 (noting the plaintiff there had requested a specific amount of damages for the additur). The Court would not be without its right to find only nominal damages, and ordering more than that might open its decision to challenge on the ground that it was not "reasonable and consistent" with the evidence.

error doctrine, a court will *not* review decisions "where a party 'deliberately considers an issue and makes an intentional decision to forgo [an objection].'" *Id*.

In this case, Plaintiff is barred by the invited error doctrine because she failed to object to the very decision of which she now complains, not through neglect, but after expressly considering doing so. When the jury returned its verdict, the Court offered to send the jury back with further instructions based on *Smedberg*.[2] It offered to direct the jurors to award some measure of personal injury damages, since they had awarded medical damages. Yet both Defendant *and Plaintiff* declined the offer. Both agreed it was unnecessary and permitted the Court enter judgment on the verdict without raising any objection. Therefore, Plaintiff's Rule 59 Motion based on the ground that the medical damages award required a personal injury damages award, is barred by the invited error doctrine.

Plaintiff's motion for a new trial or additur is **DENIED**.

Electronically signed on December 12, 2014 at 12:17 PM pursuant to V.R.E.F. 7(d).

_____
William D. Cohen
Superior Court Judge

---

[2] The Court has now had time for further reflection on the matter and, as described in Part A, has concluded that *Smedberg* does not require an award of personal injury damages in this case.